PITTSBURG, CINCINNATI, CHICAGO & ST. LOUIS RY. CO.

*v.*

WILLIAM T. HEWITT.

*Opinion filed February 18, 1903—Rehearing denied April 10, 1903.*

1. APPEALS AND ERRORS—*when question of the sufficiency of the evidence is not presented.* The question of the sufficiency of the evidence to sustain the plaintiff's case is not presented for review, on appeal, where the defendant introduces his evidence after the refusal of his peremptory instruction and does not present the instruction again at the close of all the evidence.

2. SAME—*when refusal of additional instructions is proper.* Refusal to give additional instructions, submitted after the argument of opposing counsel, is not error, where the given instructions cover all the legal phases of the case.

*P., C., C. & St. L. Ry. Co.* v. *Hewitt*, 102 Ill. App. 428, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

GEORGE WILLARD, for appellants.

FRANCIS J. WOOLLEY, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an action on the case, begun in the superior court of Cook county by appellee, against appellants, to recover for a personal injury alleged to have been caused through their negligence. It is alleged in the declaration that plaintiff was employed as a switchman in the Chicago yards of the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company, and that while engaged in the performance of his duty as such, in attempting to couple cars, his hand was crushed because of a defect in the appliance attached to the cars to be used for making such coupling, which appliance the defendants negligently suffered to be and remain so defective. A plea of

the general issue was filed, and the trial by jury resulted in a verdict of $3000 for the plaintiff, upon which judgment was rendered. The Appellate Court affirmed that judgment, and the cause comes here on further appeal.

The only errors assigned in the Appellate Court were, that "the superior court erred in overruling the motion for a new trial entered by said defendant the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company," and "the said superior court erred in overruling the motion for a new trial entered by said defendant the Pennsylvania Company." In what seems to have been a motion for a new trial, though it is not so stated in the abstract, among other grounds was the following: "(3) The court erred in refusing to give the instruction marked B, asked on behalf of said defendant."

The first point in the brief and argument of counsel for the appellants in this court is, that the trial court erred in refusing to take the case from the jury. We have carefully examined the abstract and find that no such question is here presented. At the close of plaintiff's evidence an instruction was asked marked A, which was no doubt intended to have that effect, but the court refused it, and the defendants, after duly excepting, proceeded to introduce evidence in defense of the action. At the close of the testimony of the plaintiff in rebuttal to that of the defendants is the statement, "which was all the evidence offered or received on the trial of this case; thereupon the defendants asked the court to give to the jury the following instructions, and each of them, to-wit:" Then follow the defendants' general instructions to the jury. In other words, there is nothing whatever to show that the court was asked to instruct the jury to find for the defendants at the close of all the evidence. We have frequently held that in order to present the question whether the evidence fairly tends to support the plaintiff's cause of action as one of law, an instruction, in writing, to find for the plaintiff or defendant

must be asked at the close of all the evidence, and that it is not sufficient to ask an instruction at the close of the plaintiff's testimony, where the defendant, upon its being overruled, proceeds to introduce counter-proofs. Therefore the defendants are in no position to argue in this court, as a matter of law, that the evidence did not fairly tend to prove the plaintiff's cause of action. Neither is there an assignment of error on any such ruling of the court.

The statement in the motion that the court erred in refusing to give the instruction marked B, asked on behalf of said defendant, means nothing, there being no instruction appearing in the abstract so marked.

All controverted questions of fact have been settled by the verdict of the jury and judgment of affirmance in the Appellate Court.

This disposes of the principal part of the argument of counsel for the appellants.

The only other ground of reversal insisted upon is, that the trial court refused to give two instructions submitted to the court just before or immediately after the conclusion of the closing argument to the jury by counsel for the plaintiff. It is admitted that these instructions were submitted too late under rule 24 of the court, which requires all instructions to be presented to the court at the conclusion of the taking of the evidence. The only excuse for presenting them at the close of the argument is, that counsel for the plaintiffs had made some statement to the jury which justified counsel in asking the additional instructions. The lengthy arguments of counsel to the jury on either side are copied at length in the bill of exceptions, for the purpose, we suppose, of showing the necessity for asking the belated instructions. We do not think the remarks of counsel for the plaintiff upon which it is claimed those instructions were based made the giving of them necessary to protect the rights of the defendants. Moreover, their refusal was

proper on the ground that the instructions given at the instance of counsel for the defendants covered all the legal phases of the case.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*