THE STREATOR INDEPENDENT TELEPHONE COMPANY

*v.*

THE CONTINENTAL TELEPHONE CONSTRUCTION COMPANY.

*Opinion filed October 24, 1905.*

1. APPEALS AND ERRORS—*when question of sufficiency of the evidence is waived.* The question whether the evidence fairly tends to prove the plaintiff's case is not preserved for review on appeal, where the defendant introduces his evidence after his motion to direct a verdict was overruled and fails to renew such motion at the close of all the evidence.

2. CORPORATIONS—*corporation liable for property contracted for by promoters before its organization.* A telephone company which receives, after its complete organization, a telephone exchange and lines constructed under a contract made by the promoters during the organization of the company is liable for the value of the property so constructed.

3. EVIDENCE—*when specifications are properly excluded.* In assumpsit to recover for extra work not covered by the original contract it is not error to refuse to admit in evidence the specifications for the original contract.

217—37

4. SAME—*what not undue restriction in cross-examination.* Refusal to permit inquiry into the cost of constructing the work is not undue restriction of cross-examination of plaintiff's witnesses in a suit to recover the specific contract price for the work, there being no direct examination upon the question of cost.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN L. HEALY, Judge, presiding.

This was an action of assumpsit commenced by the appellee, against the appellant and Alfred W. Stromberg and Charles W. Stiger, to recover a balance due upon account for extras, materials, labor, tools, etc., furnished by appellee to Alfred W. Stromberg and others, the promoters of the appellant corporation, in constructing a telephone exchange in the city of Streator, which telephone exchange, with its appurtenances, was turned over to the appellant after it was fully incorporated, and which account the appellant, after its organization, assumed and agreed to pay. The declaration consisted of the common counts. The general issue was filed, also a plea denying joint liability.

At the close of the plaintiff's evidence the defendant moved the court to peremptorily instruct the jury to return a verdict in its favor, whereupon the plaintiff dismissed as to Stromberg and Stiger and the motion was denied. Thereupon the defendant introduced proofs in defense of the action, and the jury were instructed generally as to the law of the case upon behalf of both the plaintiff and defendant, but the motion for a peremptory instruction was not renewed on behalf of the defendant. The jury returned a verdict of $5773.03 in favor of the plaintiff, upon which verdict, after a *remittitur* of $477.70 had been entered by the plaintiff, the court rendered judgment in its favor for the sum of $5295.33, which judgment has been affirmed by the Appellate Court for the First District, and a further appeal has been prosecuted to this court.

HOSEA W. WELLS, for appellant.

WARVELLE & CLITHERO, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

It is assigned as error that the court erred in declining to take the case from the jury at the close of the plaintiff's evidence, and the defendant seeks by such assignment to raise in this court the question that the evidence, as a matter of law, does not tend to prove a cause of action against the defendant. This court has frequently held that in order to raise the question of law in this court whether the evidence tends to support the plaintiff's cause of action, it is necessary that a motion for a peremptory instruction be made at the close of all the evidence, and that such motion made at the close of the plaintiff's evidence, when evidence is afterwards introduced on behalf of the defendant, does not preserve such question for review; that by introducing evidence after such motion has been made and overruled the defendant waives his motion, and cannot have the benefit thereof unless he renews the same at the close of all the evidence. (*Pittsburg, Cincinnati, Chicago and St. Louis Railway Co.* v. *Hewitt,* 202 Ill. 28; *Chicago Union Traction Co.* v. *O'Donnell,* 211 id. 349.) The question of law, therefore, whether the evidence tended to support the plaintiff's cause of action is not presented for review upon this record and cannot be considered by this court.

It is also assigned as error that the court misdirected the jury as to the law. The only criticism made upon the instructions given for the plaintiff, found in the original brief filed upon behalf of the appellant, is with reference to the fifth, which is to the effect that there is no evidence in the record upon which to base the same. That instruction informed the jury that if they believed, from the evidence, that the defendant assumed, after its complete organization, the

obligations of its organizers for the building of its exchange, etc., then they should find the issues for the plaintiff.

It appears from the undisputed evidence that prior to the execution of the original contract for the construction of said telephone exchange, said Stromberg, and others acting with him, had taken steps to organize the appellant corporation and to obtain a franchise to construct said telephone exchange in said city; that while the organization of the corporation was in progress the promoters thereof entered into a contract with the appellee to construct said telephone exchange, and subsequently to install, in connection therewith, certain additional lines, which exchange and additional lines were installed and in operation and paid for by the promoters of the enterprise prior to July 1, 1901; that subsequent to that date, and at the request of Stromberg and the parties acting with him, appellee installed fifty-three additional lines at an agreed price of $79 per line; that the exchange, including the additional lines, was operated by appellee in the name of the appellant corporation from July 1 to September 13, 1901; that on the last date the telephone exchange, including said additional lines and certain materials and tools, together with the earnings of the exchange from July 1 to September 13, less operating expenses, was turned over to the appellant; that an account was subsequently rendered by the appellee to the appellant for the balance due it for the construction of said fifty-three additional lines and said materials and tools; that appellant made no objection to the account for some months, but after several accounts had been rendered claimed to be entitled to an off-set for a small amount against the claim of appellee. This evidence fairly tended to show that the appellant received said telephone exchange, including said additional lines, materials and tools, after it was fully incorporated. This case, therefore, differs from the cases relied upon by appellant, which were attempts to hold a corporation liable for debts created by its promoters, and not for the value of property which it had

received after it was completely organized. We think the evidence sufficient upon which to base the instruction complained of.

It is further assigned as error that the court erred in excluding certain specifications as to the manner in which the work of erecting the telephone system, of which the extras sued for formed a part, was to be done. The specifications offered were not identified, appeared to have been mutilated, were unsigned, and showed upon their face they were to be used in the construction of a system other than the telephone system of appellant. The appellee sought to recover for work not covered by the original contract, and which the specifications, even though properly identified, did not apply to. We think the court did not err in excluding the same.

It is also urged that the appellant was unduly limited in its cross-examination of appellee's witnesses. The appellee sought to recover for erecting fifty-three extra lines of telephone at a contract price of $79 per line. The appellant, when the witnesses of appellee who swore to the contract for erecting said extra lines at $79 per line were on the stand, sought to cross-examine them as to the material which went into said lines and the cost of their construction. The suit was brought to recover a specific contract price for constructing said extra lines, and not to recover the value of constructing the same. The appellee had not gone into the cost of construction, but relied upon an express contract price for each line. The appellant could not, upon cross-examination, therefore, inquire into matters pertaining to the cost of said lines, and the trial court did not err in limiting the cross-examination to matters properly brought out on the direct examination.

We find no reversible error in this record. The judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*