[No. 6299.   Decided December 22, 1906.]

RICHARD CHILCOTT et al., *Respondents*, v. WASHINGTON
STATE COLONIZATION COMPANY, INCORPORATED,
*Appellant*.[1]

CONTRACTS—ACTIONS FOR BREACH—EVIDENCE—ADMISSIBILITY OF
EXHIBITS.   In an action for commissions, a letter written by one
party, addressed to himself and to be signed by the other party, con-
taining the terms of the agreement made in a conversation between
them, is admissible. in evidence as a part of the conversation and
negotiations, when all the circumstances connected with its prepara-
tion were detailed by a witness, although the letter was not signed
or delivered to take effect owing to a change to be made in the name
of a party thereto.

CORPORATIONS—OFFICERS—AUTHORITY—ADMISSIONS—EVIDENCE.   In
an action upon a contract made by an officer of a corporation, it is
not error to receive evidence of admissions by him to the effect that
he was its general manager, made while representing the corpora-
tion in the matter, where other evidence established that fact and
that he was owner of more than a majority of the stock, and one of
its trustees.

SAME.   The statements and admissions of the general manager of
a corporation, engaged in the colonization and purchasing of lands,
in agreeing upon commissions to be paid by the corporation on the
purchase of land, are admissible in evidence against the corporation,
where the officer was, at different times, trustee, treasurer, and man-
ager of the corporation exercising general powers.

CORPORATIONS—CONTRACTS—EVIDENCE—RES GESTAE—STATEMENTS
ACCOMPANYING CONTRACT.   Where an officer of a corporation, con-
tracting with two parties for commissions to be paid by the corpora-
tion, first agreed with one of the parties, his restatement of the terms
to the other party, who assented thereto, immediately or shortly
thereafter, is sufficiently part of the *res gestae* to be admissible
against the corporation.

CORPORATIONS—CONTRACTS BEFORE INCORPORATION.   When a con-
tract is made by the promoter of a corporation which, after organiza-
tion, adopted the contract and received the benefits, the corporation
is liable thereon.

[1]Reported in 88 Pac. 113.

Appeal from a judgment of the superior court for King county, Morris, J., entered March 30, 1906, upon the verdict of a jury rendered in favor of the plaintiffs, in an action on a contract of employment.  Affirmed.

*Aust & Terhune*, for appellant.

*F. R. Conway*, for respondents.

Crow, J.—This is an action instituted by the plaintiffs, Richard Chilcott and S. Grabowski, against the defendants, Washington State Colonization Company, a corporation, and W. C. Harding, to recover compensation for services rendered.  The plaintiffs alleged, that the defendants had employed them to seek out logged-off lands which were for sale, and place the defendants in communication with the owners, so that they might negotiate for the purchase of such lands; that it was agreed that, if the defendants, or either of them, should purchase any such lands, they would pay the plaintiffs twenty-five cents commission on each acre so purchased; that plaintiffs sought out four thousand acres in Chehalis county then for sale, and placed the defendants in communication with the owners; that afterwards, in September, 1905, the defendants purchased all of said four thousand acres; that plaintiffs have demanded their commission, but that the defendants have refused to pay the same.  The defendant corporation answering separately, admitted its corporate capacity, admitted that on September 9, 1905, it had purchased a tract of about thirty-seven hundred acres, situated in Chehalis county, but denied each and every other allegation of the complaint.  On motion of the defendant Harding, a nonsuit was granted as to him.  Thereafter the jury returned a verdict in favor of plaintiffs and against the defendant corporation.  From the final judgment entered thereon, this appeal has been taken.

The evidence of the respondents tends to show that their first negotiations and agreement were with the defendant Harding; that afterwards the appellant corporation was

formed; that Harding was its promoter when dealing with respondents; that it ratified and accepted his contract with respondents; and that it purchased the land in Chehalis county, knowing it had been sought out by the respondents, who were to receive a compensation therefor. The appellant, by its first assignment of error, on which it seems to base its principal reliance for a reversal herein, contends that the trial court erred in admitting in evidence plaintiffs' exhibit A, which reads as follows:

"Seattle, March 1, 1905.

"Richard Chilcott, Esq., Seattle.

"Dear Sir: I am desirous of forming a company, for the purpose of colonizing vacant lands in this state, and would like to have an offer on some tracts of logged off lands, that are suitable for agricultural purposes. I am informed that you are known to all the sawmill owners and large loggers, who are the holders of such lands and can reach them more readily than I. Therefore I will ask you to open negotiations on my behalf with any holders of desirable tracts, with a view of placing me in touch with them. I prefer to make my own arrangements with the principals and obtain the lowest possible price, and to enable me to do so, I will ask that you waive any claim for commission from the seller on any sales made;

"In consideration of which, together with your services in the premises, I agree to pay you a commission of $.25 cts. per acre, on any lands secured through your introduction. Yours truly,"

It will be noticed that this exhibit was not signed. The evidence shows that the date it bears was prior to the actual organization of the appellant corporation, but was about the time the first negotiations took place between the respondents and Harding. This exhibit was drawn about August 15, 1905, by the respondent Chilcott, acting for himself and Grabowski, and was presented to the defendant Harding, who was then contemplating a trip to the East upon important business for the appellant corporation. Chilcott testified that he and Harding had previously agreed that the respond-

ents should be compensated for their services, but that the exact amount of compensation had not been stipulated; that he, Chilcott, drew and ante-dated the exhibit so that it might be signed by Harding for his—Chilcott's—protection, and at the same time place Harding in a proper position with the corporation; that when it was presented to Harding he assented to its terms as to the commission of twenty-five cents per acre, but said that he thought some modification should be made by mentioning the corporation; that he took the exhibit with him to be changed by him in that regard only; that he was to thereafter sign and return it to Chilcott, but that he never did so. The original exhibit so drawn by Chilcott was turned over to the appellant corporation by Harding. It was admitted in evidence simply as a part of the conversation and negotiations, relative to the amount of the commissions, that took place in August between Chilcott and Harding, manager of the appellant corporation. All of the circumstances connected with the drawing of the exhibit and its presentation to Harding were detailed by the witness Chilcott, and we fail to see that any prejudicial error was committed in admitting it as a part of their conversation and negotiations.

The trial court permitted the respondent Chilcott to testify to certain declarations and admissions made by the defendant Harding during their negotiations, to the effect that he was the general manager of the corporation. The appellant now contends that error was thereby committed. We fail to see any merit in this contention. The record shows that Harding was, at the time of making such declarations and admissions, acting for the appellant. Its records, which were produced, show that Harding was a subscriber for more than a majority of its capital stock, and the appellant corporation itself, in answer to written interrogatories propounded to it, had stated that Harding was one of its trustees from April 6, 1905, was made one of its managers on April 7, 1905, was treasurer from April 6, 1905, to July 13, 1905, and that he

acted as its manager under its by-laws.  *Carrigan v. Port Crescent Imp. Co.*, 6 Wash. 590, 34 Pac. 148; 10 Cyc. 937.

The appellant further contends that error was committed in permitting the respondent Grabowski to testify that Harding had admitted to him that he, Harding, and Chilcott had agreed on twenty-five cents per acre as compensation for the respondents.  It is conceded that Harding was at different times trustee, treasurer, and manager of the corporation. This being true, he was not an agent of restricted authority, but one exercising broad and general powers.  A corporation acts only through its officers, managers, and agents, and it is a well-established rule of evidence that it is bound by the admissions of its agents or managers while engaged in the discharge of their duties.  The evidence here shows that the respondents were endeavoring to secure an agreement as to the amount of their compensation.  They both conferred with Harding for that purpose.  By their testimony they claim that Harding first agreed with Chilcott, and immediately, or shortly thereafter, restated such agreement to Grabowski; who expressed satisfaction therewith.  If Harding, as general manager, was not entitled to make contracts for the appellant, fixing compensation to be paid, it would be difficult to understand who could do so.  His act was that of the corporation, and his statements made to Grabowski under these circumstances were sufficiently a part of the *res gestae* to render them admissible as against the appellant.  Elliott, Evidence, § 252.

Although there was much conflict in the evidence, nevertheless, that produced by the respondents, if credited by the jury, was sufficient to show, that Harding was the promoter of the appellant corporation which was afterwards organized; that he became its trustee, treasurer and manager; that it was he who as its representative purchased the land in Chehalis county, which had been sought out by Chilcott; that he at first negotiated with Chilcott on behalf of the corporation to

be organized, and afterwards acted for the corporation, when organized, in conducting further negotiations with respondents as to the amount of their commission. The trial court entered a nonsuit as to Harding, on the theory that, as disclosed by respondents' evidence, he, as a promoter, had acted for the corporation; that it afterwards ratified his acts thereby becoming liable, and that he could not be held. Before incorporation, the appellant could not be a party to any agreement with respondents, and contracts of Harding as its promoter would not be binding upon it, unless it received the benefits arising therefrom and adopted the same. The jury evidently found that it did receive the benefits and did adopt the contract. After such adoption, the contract became that of the corporation, and it became liable. 1 Current Law, 718-719. The trial court properly submitted the issue of appellant's liability to the jury, under instructions which were without error.

We have carefully examined all the assignments of error presented by the appellant, and find them to be without merit. The evidence to which the appellant objected having been properly admitted, proper instructions having been given, and the jury having accepted as true the testimony of respondents' witnesses, we find no prejudicial error in the record, and the judgment is accordingly affirmed.

Mount, C. J., Root, and Dunbar, JJ., concur.

Fullerton and Hadley, JJ., took no part.