GEORGE W. JONAS AND OTTO J. KUBIN, *Plaintiffs in Error* v. LILLIAN A. BURKS, *Defendant in Error.*

Opinion Filed January 29, 1924.

This case was decided by Division A.

1. In an action against two defendants upon a joint liability, the plaintiff fails to prove the case as to one of the defendants, there should be a verdict for both defendants when a dis-

missal is not taken against the 'one not shown to have been liable.

2. Where liability is alleged to be upon a joint contract proof of a several contract will constitute a fatal variance as there is no statute in this State changing the rule.

3. Where an action is upon an alleged joint contractural liability of two or more persons the burden is upon the plaintiff to establish by the evidence all the facts from which the alleged agreement could be implied in law.

4. Evidence examined and found insufficient to support the verdict.

A Writ of Error to the Circuit Court for Palm Beach County; E. C. Davis, Judge.

Judgment reversed.

*S. C. Kearley,* for Plaintiffs in Error;

*Blackwell, Donnell & McCracken,* for Defendant in Error.

ELLIS, J.—This was an action of assumpsit by Lillian Burks against George W. Jonas and Otto J. Kubin upon a *quantum meruit* and *quantum valebat,* for work done and materials furnished by the plaintiff for the defendants at their request. The defendants pleaded never were indebted. There was a verdict for the plaintiff in the sum of fifteen hundred dollars. A remittitur damna for five hundred dollars was entered by the plaintiff and she took judgment for one thousand dollars against the ''said defendant.'' The names of the defendants Jonas and Kubin appear in the title of the judgment entry but no where else in the entry.

The action was based upon services of the plaintiff as cook for a period of two years rendered, as she alleged, at the request of the defendants. The reasonable value of her services was shown to be about forty or fifty dollars per month. She testified that Mr. Jonas agreed to pay her forty dollars per month.

The action was against the defendants upon a joint liability. The declaration was framed upon that theory. The verdict was a general one for the plaintiff. The judgment was entered against "the said defendant." If the case was not proved against one of the defendants, the verdict should have been a general one for both. See Archbold's Nisi Prius, p. 52.

The action was upon an implied agreement. The general issue was a denial of the matters of fact from which the alleged agreement might be implied. Rule 64 Circuit Court Law Actions.

If one of the defendants was not shown to have been liable the cause could have been dismissed as to him and such dismissal would have been in effect an amendment of the declaration. See Paul v. Commercial Bank of Ocala, 69 Fla. 62, 68 South. Rep. 68; Sec. 2568, Rev. Gen. Stats. 1920.

But if the liability is alleged to be upon a joint contract proof of a several contract will constitute a fatal variance as there is no statute in this State changing the rule. See Rentz v. Live Oak Bank, 61 Fla. 403, 55 South. Rep. 856; Tomlinson v. Peninsular Naval Stores Co., 61 Fla. 453, 55 South. Rep. 548; Mechanics and Metals Nat. Bank of City of New York v. Angel, 79 Fla. 761, 85 South. Rep. 675; Graham v. Sewell, 80 Fla. 720, 86 South. Rep. 639; 11 Stand. Ency. Proc. 1049.

The evidence in this case is not sufficient to sustain a verdict against the defendants jointly. There was no

evidence of the relations existing between the two defendants and the evidence was confined to alleged requests by the defendant, Jonas, of the plaintiff to perform the services. The reference by the plaintiff in her testimony to the farm being that of Jonas and Kubin is not sufficient to show that they were partners jointly engaged in the operation of it; nor was there any evidence of authority on the part of Jonas to bind Kubin by the alleged contract. The plaintiff's statement that she had done work for "them on their farm" was followed, on cross examination, by the statement that Jonas asked her to do the work. There is nothing in the evidence tending to show the liability of Kubin except the plaintiff's statement that "they were runing a farm."

As to the liability of the defendant, Jonas, we express no opinion as the judgment must be reversed for the variance between the allegation and proof.

The record seems to disclose the fact that the plaintiff's husband was employed by Jonas as manager and superintendent. He brought with him his wife and four children. Two of the children remained with them and the other two went to school in town. The men employed on the farm were paid salaries which did not include their meals at the Burks' house. The testimony of the defendant Jonas was not denied.

There is nothing to show where the men boarded or took their meals, whether in the Burks' home or elsewhere, who paid the grocery bills for the food they ate, whom they paid for their meals nor for whom the plaintiff cooked the meals. She stated that she did "all the work, the cooking and taking care of the houses and we had on an average of seven and eight or ten men." In this connection she said "They were running a farm;" whom she meant is by no means clear. Nor is the meaning of

her words clear when she said "we had on an average of seven and eight or ten men." Sometime before the action was brought the husband of the plaintiff died. Seven months after her employment ceased, as she alleged, she brought the action.

The witness Whitmore said Mrs. Burks did some cooking for Mr. Jonas and Mr. Kubin. This man was employed by Mr. Burks. But his testimony contradicted that of the plaintiff as to the amount Jonas agreed to pay for cooking for him and Kubin. Mr. Jonas went to the farm about twice a month and Mr. Kubin several times during the plaintiff's period of alleged employment.

It appears that the farm is owned by the "Palm Beach Improvement Company," but whether it is a corporation or copartnership and who compose it or whether it is the property of the defendant Jonas doing business in that name does not appear.

The burden of proof was upon the plaintiff to establish by the evidence all the facts from which the alleged agreement could be implied in law.

The assignments of error numbered from nine to fifteen are well taken. The judgment is reversed.

TAYLOR, C. J., AND BROWNE, J., concur.

WHITFIELD, P. J., AND WEST AND TERRELL, J. J., concur in the opinion.