J. K. Williams and Dunham-Williams, a Corporation, and J. K. Williams Company, a Corporation, *Plaintiffs in Error,* v. C. W. Sherry, *Defendant in Error.*

Division B.

Opinion Filed December 5, 1927.

*McElya & Milledge,* for Plaintiffs in Error;

*Robillard & Copeland,* for Defendant in Error.

Per Curiam.—In this case suit was brought by defendant in error against the plaintiffs in error. On the trial it develops that no liability is proven against one of the defendants in the court below, J. K. Williams Company, a

corporation. Thereupon non-suit was entered as to that defendant. The result of the trial was a judgment in favor of the plaintiff in the court below, defendant in error here, against Dunham-Williams Company, a corporation, and J. K. Williams.

There were seven (7) assignments of error, as follows:

"1. The denial of a motion for a directed verdict made by the defendants at the close of the testimony by the plaintiff.

2. The denial of the motion for a directed verdict made by the plaintiff at the close of the testimony for the defendants.

3. The denial of the motion for a new trial.

4. The granting of a motion for a non-suit by the plaintiff as to the defendant, the J. K. Williams Company.

5. The denial of a motion in arrest of judgment.

6. The denial of a motion for a judgment *non obstante veredicto*.

7. The entry of judgment for the plaintiff."

We find no reversible error disclosed by the record. The judgment should be affirmed on authority of Paul v. Commerce Bank, 69 Fla. 62, 68 Sou. 68, in which the court construed Section 1372 of the General Statutes of Florida, now Section 2568 of the Revised General Statutes of Florida, using the following language:

"Where an action at law has been brought against several defendants and the evidence adduced at the trial fails to establish the liability of one of the defendants, the trial court may dismiss the action as to such defendant for the reason that there has been a misjoinder of such defendant, in accordance with the provisions of Section 1372 of the General Statutes of Florida."

In that case the Court also held that,

"A verdict for the defendant should never be directed

by the court, unless it is clear that there is no evidence whatever adduced that could in law support a verdict for the plaintiff. If the evidence is conflicting or will admit of different reasonable inferences, or if there is evidence tending to prove the issue, it should be submitted to the jury as a question of fact to be determined by them, and not taken from the jury and passed upon by the court as a question of law.''

See also the Mechanics & Metals National Bank of the City of New York, a corporation, v. Angel et al., 79 Fla. 761, 85 Sou. 675; also Jonas et al. v. Burkes, 87 Fla. 68, 99 Sou. 252.

Judgment affirmed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.