BARON DE HIRSCH MEYER et al., *Petitioners,* vs. NATOR HOLDING COMPANY, a Corporation, *Respondent.*
136 So. 636.
Division B.
Opinion filed August 3, 1931.

*Shipp, Evans & Kline,* for Petitioners;

*Worley & Worley,* for Respondent.

TERRELL, J.—The material facts in the cause sub judice are as follows: Baron de Hirsch Meyer and Harry I. Lipnitz, co-partners, doing business as Ress, Meyer, and Lipnitz, sued Samuel Kantor, Charles Beatty, and Nator Holding Company, a Florida corporation, in an action of assumpsit upon a quantum meruit, predicated on a parole contract. The civil court of record of Dade County was the forum employed. The declaration was in four counts, the first, second, and third being common counts and the fourth was a special count alleging in substance that Beatty, Kantor, and Nator holding Company employed Ress, Meyer, and Lipnitz as their attorneys to perform certain legal services for them relative to the purchase of the Mayflower Hotel at Miami Beach, Florida, that said services were varied, were performed in Florida and New York, required extended negotiations, the drafting of legal documents, the incorporation of Nator Holding Company, ascertaining status of title, which was effected by a bond issue, a mortgage, and a bankruptcy proceeding, all of which incurred an expenditure of twelve hundred fifty dollars on the part of the plaintiffs in behalf of defendants, that said services were reasonably worth three thousand five hundred dollars, which amount defendants agreed to pay but no part of which has been paid. Damages were laid in the sum of four thousand, seven hundred fifty dollars.

Beatty plead the general issue to all and specific denial of the fourth count of the declaration, Kantor and Nator Holding Company plead the general issue to all four counts of the declaration. The case was tried on these issues and at the conclusion of plaintiff's testimony, defendants moved for a directed verdict. This

motion was denied but the cause was dismissed as to
Beatty and Kantor. The trial was continued against
Nator Holding Company resulting in a verdict and judg-
ment in favor of plaintiffs in the sum of four thousand
dollars. A motion for new trial was denied, final judg-
ment was entered, and writ of error taken to the circuit
court of Dade County. In that court the cause was heard
by one of the circuit judges who reversed the judgment
of the civil court of record unless a remittitur for the
full amount of said judgment less one hundred eighty
dollars be entered. A rehearing was denied and the case
was brought to this court on certiorari.

It is contended that the circuit judge of Dade County
did not proceed according to the essential requirements
of the law in holding that plaintiffs were not entitled to
recover in excess of one hundred eighty dollars against
Nator Holding Company.

The record discloses that Beatty first became inter-
ested in the purchase of the Mayflower Hotel, that he in
turn interested Kantor and that Nator Holding Company,
the third defendant, was organized by the plaintiffs at
the request of defendants for the sole purpose of taking
title to and owning the property, it having been con-
sidered and decided for reasons of propriety not neces-
sary to relate that title thereto should be taken in the
name of the corporation rather than in the name of
Beatty or Kantor. The evidence though conflicting is
ample to support the verdict and the allegations of
the declaration as to the employment of plaintiffs by the
defendants, Beatty and Kantor.

From the facts as thus detailed, this question emerges:
Beatty employed plaintiffs to perform the services defined
and then solicited Kantor, who knew of the employment,
to join him in the purchase of the hotel, but Kantor re-
fused, though he later purchased the property in the
name of Nator Holding Company, which he, Kantor, pro-
cured to be created for that purpose. Can Nator Hold-

ing Company, having approved and received all the fruits of the transaction now be required to pay for the services rendered?

The Circuit Court took the position that the services performed, including the incorporation of Nator Holding Company, were performed for Beatty and Kantor personally and separately at different times, and that under such circumstances, except as to the expense of incorporation of said company, the cost of said services could not be visited on Nator Holding Company.

It is true that all the services rendered on the part of plaintiffs were rendered at the suggestion of Beatty or Kantor personally and all negotiations with reference to the purchase of the hotel with unincumbered fee, including the relief of its title from the shadow of the mortgage, bankruptcy, and the bonds were carried on tween plaintiffs and Beatty or plaintiffs and Kantor, but when the Corporation, Nator Holding Company, was created solely to be the recipient of the product of all these negotiations, and its stock, stock book, and other corporate assets were assigned and set over to Kantor for that purpose and it did in fact reap all the benefits of the transaction and promised to pay said fee, we think it may be held therefor.

The law is settled in this jurisdiction that when one person acts for another who accepts the fruits of his efforts, the latter is deemed to have accepted the methods employed, and he may not, even though innocent, receive such benefits and at the same time disclaim responsibility for the means by which they were acquired. Intertype Corporation vs. Pulver, et al., 101 Fla. 1177, 132 So. 830; Chase vs. Sullivan, 99 Fla. 202, 126 So. 359; Love vs. Brown Development Co., 100 Fla. 1373, 131 So. 144; Banford State Bank vs. Howell Co., 88 Fla. 493, 102 So. 649, 21 R. C. L. 932.

The rule appears to be general that after a corporation comes into being, it may make the contracts and agree-

ments of its promoters its own by express agreement or by ratification or adoption, such ratification may be by express corporate acts or by any other legal means employed by the corporation to approve the unauthorized or officious acts of those made in its behalf, as where the corporation voluntarily accepts the benefits accruing to it from the engagement of its promoters, after full knowledge, and having full liberty to decline the same, in which case it is to be regarded as adopting the contract cum onere, taking the burdens thereof with the benefits. Paxton Cattle Co. vs. First National Bank, 21 Neb. 621, 33 N. W. 271, 59 Am. R. 852; Maryland Apartment House Co. vs. Glenn, 108 Md. 377, 70 Atl. 216; Chilcott et al. vs. Washington State Colonization Co., 45 Wash. 148, 88 Pac. 113; Strause vs. Richmond Woodworking Co., 109 Va. 724, 65 S. W. 659; Streator Independent Tel. Co. vs. Continental Tel. Const. Co., 217 Ill. 577, 75 N. E. 546; Whitney vs. Wyman, 101 U. S. 392, 25 L. Ed. 1050, 14 C. J. 259.

But respondent contends that defendants having been on a joint contract and the evidence showing liability, if at all, on a several contract, and no amendment having been made to the declaration it was error to dismiss the cause as to Beatty and Kantor and proceed to judgment against Nator Holding Company.

_ The practice is settled in this State that if a plaintiff lays liability on a joint contract and proves a several contract, it constitutes a fatal variance there being no statute changing the rule. Jonas et al. vs. Burks, 87 Fla. 68, 99 So. 252; Merchant's and Mechanic's Bank vs. Sample, 98 Fla. 759, 124 So. 49.

The declaration in the case at bar was cast on the theory of joint liability but at the conclusion of plaintiff's testimony, the proof not showing such a liability, the court dismissed the cause as to Beatty and Kantor and continued it as to Nator Holding Company. This procedure was in effect an amendment of the declaration

and was in accord with the evidence. It was also warranted by Section 2568 Revised General Statutes of 1920 (Section 4208 Compiled General Laws of 1927), Paul vs. Commercial Bank of Ocala, 69 Fla. 62, 68 So. 68, Jonas et al. vs. Burks, supra.

It was finally contended that the judgment of the circuit court was in error, because, being on writ of error to the civil court of record of Dade County, to give it legal effect, the cause should not have been adjudicated by one of the circuit judges of that county but it should have been adjudicated by all the circuit judges of said county en banc.

The controlling statute on this point is Section 5166 Compiled General Statutes of 1927, (Section 11, Ch. 11357, Extraordinary Session, Acts of 1925, Laws of Florida, which is as follows:

> "The circuit court shall have appellate jurisdiction in all cases decided by such Civil Courts of Record in the same manner and with the same limitations as in writs of error from the Circuit to the Supreme Court."

Under the law one judge constitutes a circuit court in this state. Section Eight, Article Five, Constitution of Florida. Section 3026 Revised General Statutes of 1920 (Section 4769 Compiled General Laws of 1927). Additional circuit judges may be provided under designated circumstances. Section Forty-three, Article Five, Constitution of Florida. Even if competent for the legislature to do so (which we do not here decide) there is nothing in the statute as above quoted to indicate an intent to require that circuit courts for the purpose of disposing of writs of error from the civil courts of record shall be composed of more than one circuit judge or of all the circuit judges of said counties en banc.

For reasons expressed in this opinion, the judgment of the Circuit Court of Dade County reversing the judgment of the civil court of record, must be and is hereby quashed.

WHITFIELD, P.J., AND DAVIS, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.