## R. L. Williams v. The First National Bank at Orlando.

182 So. 580.
Special Division.
Opinion Filed June 30, 1938.
Rehearing Denied July 25, 1938.

*George P. Garrett,* for Plaintiff in Error;

*Akerman & Dial,* for Defendant in Error.

Chapman, J.—This cause is here on writ of error to a final judgment entered in the Circuit Court of Orange County, Florida, on November 9, 1937, in behalf of the defendant in error. The parties in this opinion will be referred to as they appeared in the lower court as plaintiff and defendant. On July 5, 1937, plaintiff filed his declaration consisting of two common counts for work done

and services rendered and to the first count was attached a bill of particulars, viz.: "To services rendered to said Bank in the matter of its organization between the dates of June 8, 1933, and July 15, 1933, $5,000.00."

The defendant filed three pleas to the declaration: (1) It never was indebted as alleged; (2) defendant did not promise as alleged; (3) that the alleged cause of action did not accrue within three years before this suit.

The evidence was presented to a jury in the Circuit Court of Orange County, Florida, when the plaintiff offered the testimony of some eight or ten witnesses, with a number of written documents; also answers to questions propounded to the First National Bank at Orlando. The record shows that the plaintiff, through counsel, announced that "we rest" when defendant, through counsel, moved the Court for a directed verdict on a number of grounds. The merits of the motion were argued and the trial court made several statements, the last of which was: "The Court: The plaintiff has elected to take a non-suit, so that disposes of the case, and the Court grants it and directs the Clerk to make an entry to that effect."

The plaintiff then filed a motion for a new trial on a number of grounds, with citations of authorities in the motion to sustain some of the grounds. The motion for a new trial was by the lower court overruled and denied. The transcript of the record prepared and filed in this Court, with four assignments of error as follows:

"No. 1: The Court erred in stating that he would direct a verdict for the defendant at the conclusion of the plaintiff's case and thereby compelling the plaintiff to take a non-suit.

"No. 2. The Court erred in stating that he would direct a verdict for the defendant at the conclusion of plaintiff's

case specifically upon the ground that the employment of the attorney to incorporate or organize the bank was not in the ordinary course of business, and that the president of the bank would not have any authority to employ the attorney to organize the corporation in the first instance, or to ratify such authority.

"No. 3. The Court erred in denying plaintiff's motion for new trial.

"No. 4. The Court erred in entering up final judgment in favor of the defendant and against the plaintiff."

Broadly speaking, the four assignments, *supra*, present the single question ruled upon in the lower court, viz.: From the evidence adduced, did the lower court err in sustaining the defendant's motion for a directed verdict, thereby compelling plaintiff to take a non-suit? Or, to put the question in a different form: Was the evidence offered on the part of the plaintiff sufficient to make out a case?

We have read the evidence offered by the plaintiff, read the briefs, examined the authorities cited, and have reached the conclusion that the lower court erred in sustaining defendant's motion, or otherwise requiring plaintiff to take a non-suit in this cause. If we should present or comment on the testimony or set it out at considerable length, no useful purpose would be served but would add considerably to our labors. The evidence adduced was sufficient to be submitted to the jury under appropriate instructions by the trial court. If the evidence is conflicting or will admit of different reasonable inferences, or if there is evidence tending to prove the issues, it should be submitted to the jury as questions of fact to be determined by them, and not taken from the jury and passed upon by the court as a question of law. See: Cameron, etc., Co. v. Law-Engle Co., 98 Fla. 920, 124 So. 814; McKinnon v. Johnson, 57 Fla. 120, 48 So. 910; Starks v. Sawyer, 56 Fla.

596, 47 So. 513; Florida Cent., etc., R. Co. v. Williams, 37 Fla. 406, 20 So. 558; Southern Exp. Co. v. Williamson, 66 Fla. 286, 63 So. 433, L. R. A. 1916C 1208; Bass v. Ramos, 58 Fla. 161, 50 So. 945, 138 Am. St. Rep. 105; Wood Lbr. Co. v. Gipson, 63 Fla. 316, 58 So. 364; Paul v. Commercial Bank, 69 Fla. 62, 68 So. 68; Johnson v. Louisville & N. R. Co., 59 Fla. 305, 52 So. 195; Williams v. Sherry, 94 Fla. 998, 114 So. 849; German-American Lbr. Co. v. Brock, 55 Fla. 577, 46 So. 740; Atlantic Coast Line R. Co. v. Pelot, 62 Fla. 121, 56 So. 496. See King v. Cooney-Eckstein Co., 66 Fla. 246, 63 So. 659, Ann. Cas. 1916C 163; Gunn v. Jacksonville, 67 Fla. 40, 64 So. 435; Davis v. Ivey, 93 Fla. 387; 112 So. 264; Florida East Coast Ry. Co. v. Hayes, 66 Fla. 589, 64 So. 274; Jacksonville v. Glover, 69 Fla. 701, 69 So. 20; Gravette v. Turner, 77 Fla. 311, 81 So. 476; Gulf Refining Co. v. Ankeny, 102 Fla. 151, 135 So. 521.

For the error pointed out the judgment appealed from is reversed.

WHITFIELD, BROWN and BUFORD, J. J., concur.