## STATE v. KING.

Circuit Court, Dade County, Criminal Appeal, Division One.

November 30, 1956.

Dan Chappell and Leonard R. McMillen, both of Miami, for appellant.

A. C. Dressler, County Solicitor, Glenn C. Mincer, Ass't. County Solicitor and Raymond J. Dwyer, Ass't. County Solicitor, all of Miami, for appellee.

Before CHARLES A. CARROLL, GRADY L. CRAWFORD, PAT CANNON, ROBERT L. FLOYD and ROBERT H. ANDERSON, Circuit Judges.

PER CURIAM.

The appellant was convicted in the court of crimes of Dade County of conspiring with E. J. Carberry, Porter D. Monroe and Ben Moscovitz to violate section 849.01, Florida Statutes, relating to the unlawful keeping or maintaining of a place for the purpose of gambling, and to violate section 849.25, Florida Statutes, relating to bookmaking, and he appealed.

The case was heard by division one of the court of criminal appeals on November 13, 1956, Circuit Judges Carroll, Crawford, Cannon, Floyd and Anderson sitting.

We shall first consider the validity of chapter 30173, Laws of 1955, and rule 37 adopted by the court pursuant thereto.

The legislature of 1927, by chapter 11975, created a court of crimes in each county of the state which constitutes a judicial circuit for which there is provided by law two or more resident circuit judges and has a population of more than 100,000. Section 10 of the Act provided that the circuit court of each county in which there shall be established a court of crimes shall have appellate jurisdiction in all cases decided by the court of crimes in the same manner as provided by law with reference to the prosecution of writs of error from the criminal courts of record.

The effect of this was to vest in a single circuit judge jurisdiction to review judgments of the court of crimes. Meyer v. Nator Holding Co. (1931), 102 Fla. 689, 136 So. 636.

The legislature of 1955 (chapter 30173) provided that—"in all counties having a population of 400,000 . . . consisting of one judicial circuit and having ten or more circuit judges and having a court of crimes, appeals in misdemeanors [from the court of crimes] to said circuit court shall be heard, considered and decided by a minimum of five circuit judges whose majority decision and opinion shall constitute the decision on such appeal."

Pursuant to this Act the court adopted rule 37, which created two divisions in the circuit court and provided that each division shall designate one of its members as presiding judge for administrative purposes who should call such meetings at such times as he may deem necessary, and the clerk should prepare the calendar and divide the work load between the divisions.

In the instant case the appellant has filed a motion to quash rule 37 and to declare chapter 30173 unconstitutional. It came on to be heard on July 2, 1956 before a majority of the judges of each division provided by the rule.

On behalf of the appellant it is argued that the Act violates article II of the Florida constitution dividing the powers of government into three departments, that it is, in fact, a local bill in the guise of general legislation in violation of article III, section 20 and 21, that it is unreasonable, arbitrary and discriminatory, and that it violates article V, section 45, providing for one judge in each judicial circuit for every 50,000 inhabitants.

The Act is of doubtful constitutionality. However, we are constrained to uphold it.

In so holding, we call attention to the following provisions of the organic law—

(a) Article II, dealing with the distribution of powers, provides that no person belonging to one department shall exercise any powers appertaining to either of the others "except in cases expressly provided for by this Constitution."

(b) Article V, section 43, relating to circuit judges, provides that—"He shall have all the powers and perform all the duties that are or may be provided or prescribed by the Constitution or by statute for Circuit Judges, and all statutes concerning Circuit Judges shall apply to him. Wherever there are two or more Circuit Judges appointed for a Circuit the business may be divided among the Circuit Judges having jurisdiction in the Circuit and in any County in the Circuit as may be prescribed by law," * * *

The Supreme Court of Florida on the Petition of the Florida State Bar Association for Adoption of Rules for Practice and Procedure (1945), 21 So. 2d 605, said that—"Sections 20 and 21, article III of the constitution, recognize the power of the legislature to enact laws 'regulating the practice of courts of justice.' Under the power so granted, the legislature has repeatedly enacted statutes affecting court procedure and this court has consistently followed them and refused to prescribe others inconsistent therewith." (Citing cases.)

The criminal jurisdiction of the circuit court under the constitution is fixed by section 11 of article V. The circuit courts shall have jurisdiction "of all criminal cases not cognizable by inferior courts" and "shall have final appellate jurisdiction in all civil and criminal cases arising in the County Court, or before the County

Judge, of all misdemeanors tried in Criminal Courts, of judgments or sentences of any Mayor's Court, and of all cases arising before Justices of the Peace in counties in which there is no County Court."

While, as we have pointed out, the matter is open to considerable doubt, we are required to indulge in the presumption that the Act is valid.

The motion to quash the rule and to hold chapter 30173 to be unconstitutional is therefore denied.

Turning now to the merits of the case, the defendant poses three questions, but they may be put in one. His complaint is that he was charged with Carberry and Monroe with conspiring with one Moscovitz to commit an offense against the laws of Florida i.e., to violate section 849.01 relating to keeping a place for the purpose of gambling, and section 849.25 relating to bookmaking. He complains of the admission in evidence, over his objection, of the testimony of Moscovitz, who he says was named in the information as a co-conspirator, although he only feigned participation in the conspiracy and had no intention of violating the law, which was the object of the conspiracy.

It is true that the information alleges that King and Carberry and Monroe conspired with Moscovitz to commit an offense against the laws of Florida and Moscovitz testified that they did just that. It is likewise true that Moscovitz was a decoy employed by the state to catch the other defendants who were police officers of the city of Miami and he had no real intention of violating the law himself.

The appellant's position overlooks well settled principles of law that to support a conviction of two or more conspirators it is not essential to prove the guilt of others indicted with them. Conspiracy, 15 C.J.S., section 90, page 1138. And one charged with conspiring with others may be convicted on proof of conspiracy with any of such others without proof of a conspiracy participated in by all of them. Ibid.

The federal court of appeals for this circuit held that it was only necessary to show conspiracy between two or more of all those charged with conspiracy to warrant conviction of those shown to have conspired. Bryant v. U. S., 257 F. 378. The Supreme Court of the United States held that a variance was not material where an indictment charges conspiracy involving several persons and the proof establishes conspiracy against only some of them. Berger v. U. S., 295 U. S. 78, 55 S. Ct. 629, 79 L. Ed. 1314.

Under these cases it is futile to argue that Moscovitz was charged with being a co-conspirator in the information and the proof showed that he was not. The variance, if any there was, was not material.

The sufficiency of the evidence to support the conviction has not been challenged. We hold therefore that the assignments of error have not been sustained and the judgment of conviction is affirmed.