LEHAN, Judge.
Appellant Salvatore C. Grech, the plaintiff below, argues that the trial court erred in granting the post-verdict motion for judgment of defendants M.W. Schryver and Sperate, Inc. in accordance with their motions for a directed verdict. We agree with appellant and reverse for reinstatement of the jury verdict which had found those two defendants liable for a loan under an oral agreement concerning a restaurant business.
During the trial, the trial court granted the motion of a third defendant, M.W. Schryver, P.A., for a directed verdict on the basis that there was no evidence the P.A. was liable to plaintiff under the terms of the oral agreement. Plaintiff does not appear to contest that ruling on appeal. On the strength of that ruling, the trial court subsequently granted the post-verdict motion of the other two defendants, reasoning that since plaintiff had sued the three defendants jointly, rather than jointly and severally, the nonliability of one defendant (the P.A.) made the other defendants not liable as well.
The trial court relied primarily on Merchants’ & Mechanics’ Bank v. Sample, 98 Fla. 759, 124 So. 49 (1929) (a plaintiff in a suit on a note that is a joint and several obligation who elects to enforce the obligation as a joint obligation, is entitled to only one judgment). Sample noted, “If the cause of action or liability pleaded is merely joint and not several, a defense by one, not purely personal, is effective as to all.” 124 So. at 51. Plaintiff in the case at hand unsuccessfully argued to the trial court that the alleged obligation was not a joint obligation as to the P.A. and that the P.A. had been dismissed on a defense personal *787 to it. The court disagreed on the basis that the complaint effectively alleged a joint obligation and the defense as to the P.A., failure of proof, was not a personal defense.
Meyer v. Nator Holding Co., 102 Fla. 689, 693-94, 136 So. 636, 638 (1931), on which plaintiff relies, calls for our reversal. Meyer states,
The declaration in the case at bar was cast on the theory of joint liability, but at the conclusion of plaintiff’s testimony, the proof not showing such a liability, the court dismissed the cause as to [defendants] Beatty and Kantor and continued it as to [defendant] Nator Holding Company. This procedure was in effect an amendment of the declaration and was in accord with the evidence.
Meyer rejected the contention of Nator Holding Company, made pursuant to Sample, that Nator could not be liable since the other two defendants had been dismissed. Id. While Meyer did not explain why Sample was distinguishable, Meyer appears to have regarded the dismissal of defendants Beatty and Kantor, who were apparently acting as the promoters for Nator (the true beneficiary of plaintiffs’ professional services therein), as tantamount to a dismissal based on misjoinder.
In the instant case, we agree with plaintiff that the inclusion of the P.A. as a party liable for the debt similarly constituted the functional equivalent of a misjoinder. While the amended complaint can be read as alleging the P.A. as jointly liable for the debt under the alleged oral agreement (though the word “joint” was not used), it appears clear from the pretrial compliance filed by plaintiff that plaintiff was actually alleging an oral agreement concerning a loan and salary between only himself and defendants M.W. Schryver and Sperate, Inc., not defendant M.W. Schryver, P.A. as well. In fact, the alleged liability of the P.A. stemmed only from its failure to draft the necessary documents for the transaction. While the amended complaint could have been more artfully drafted, and while the trial court did not err in directing a verdict in favor of the P.A., we conclude under Meyer that the court should not have subsequently granted the post-verdict motion in favor of the other defendants. See Atlantic Coast Line R.R. v. Bracewell, 110 So.2d 482, 483 (Fla. 1st DCA), cert. denied, 113 So.2d 835 (Fla.1959) (allowing post-verdict motion to amend complaint to conform with the evidence).
Defendants argue that the jury verdict which was overturned by the trial court was erroneous insofar as it found M.W. Schryver individually liable. While the two grounds for their argument (oral promise to repay a debt and impossibility of delivering stock within one year) are not without arguable merit in light of the statute of frauds, we do not conclude that the trial court erred in allowing the case to go to the jury as there was sufficient evidence of complete performance to take the agreement out of the statute of frauds. See Hiatt v. Vaughn, 430 So.2d 597, 598 (Fla. 4th DCA 1983).
SCHOONOVER, C.J., and DANAHY, J., concur.