WILLIAM K. CARR, Adm'r, etc., Plaintiff in Error, *v.* ZADOC CASEY *et al.*, Defendants in Error.

ERROR TO JEFFERSON.

Where the complainant in a bill in chancery dies, and a decree is entered abating that suit, and the administrator of the deceased complainant files another bill in the Circuit Court which is pending, if a writ of error is sued out, intended to reverse the judgment abating the first suit, the writ of error will be abated on a plea filed showing the facts.

THE plaintiff's intestate, Nancy Dotson, filed her bill on the chancery side of the Jefferson Circuit Court, complaining of the defendants for overreaching her in a contract for her share of

her sister Sarah Piggot's estate, made with said Zadoc and Thomas, by a suppression of the facts, and also for other reasons stated at length in the bill.

The complainant, Nancy, died after the filing of the bill, and at a term of the Jefferson Circuit Court, her counsel moved the court to continue the cause, announcing to the court the death of his client, the said Nancy, and asking the court to continue the cause, with leave to revive the same in the name of the administrator, when it should be ascertained.   Whereupon the defendants in error entered a cross-motion to dismiss the suit.   The court overruled the motion of complainant's counsel, and sustained defendants' motion, and dismissed the bill.

The plaintiff in error assigns for error, the order of the court dismissing bill and refusing to continue cause with leave to revive in the name of the administrator—also, overruling the motion of counsel for complainant, Nancy, and sustaining motion of defendants, and brings the cause into this court by writ of error.

To this writ of error a plea in abatement was filed, setting forth the facts as stated in the opinion of the court.

To the plea in abatement to the writ of error, there was a demurrer.

R. S. NELSON, for Plaintiff in Error.

DAVIS & WINGATE, for Defendants in Error.

CATON, C. J.   Pending this suit in the Circuit Court, the complainant died, and the Circuit Court entered a decree abating the suit.   The administrator of the deceased complainant then filed another bill in the Circuit Court, which is still there pending.   Afterwards he brought this writ of error to reverse the decree abating the first suit, and the defendant in error has filed a plea in abatement in this court, showing these facts, to which a demurrer is filed, which presents the question for our consideration.   We think the plea good, and that the demurrer should be overruled.   By filing another bill for the same cause of complaint, the complainant acquiesced in and approved of the decree abating the former suit.   While that suit is pending in the Circuit Court, and he is there calling upon the defendant to answer the matters complained of, he shall not be at liberty also to bring him into this court to defend the decree by which alone the complainant was placed in a position authorizing him to file the bill now pending.   The demurrer must be overruled and the writ of error abated.

*Writ abated.*