GORDON v. ELLISON.

|  9 | 317 |
| 93 | 688 |

1. WAIVER OF ERROR. *Field* v. *Johnson* cited, wherein it was held that a party cannot prosecute his appeal from a judgment at law, and his petition in chancery, enjoining the collection of the same, at the same time.

2. SAME. Where a plaintiff excepted to the ruling of a justice, in an action then pending, requiring him to give security for costs, and sued out a writ of error from the District Court, and afterwards brought suit and recovered judgment on the same demands before another justice; *Held*, that the commencement of the second action was a waiver of the errors in the first.

3. SECURITY FOR COSTS. A justice of the peace has no power to require a plaintiff in ordinary actions to give security for costs.

*Appeal from Monroe District Court.*

TUESDAY, OCTOBER 18.

In an action pending before a justice, upon the affidavit

and motion of defendant, plaintiff was ruled to give security for costs—failing to do which, his suit was dismissed. To correct this order he sued out his writ of error from the District Court. He also sued for the same demand before another justice, upon which there was a trial, and judgmnet for the plaintiff, which was paid by defendant. These facts being shown to the District Court, on defendant's motion the writ of error was dismissed, and from this order plaintiff appeals.

*Noffsinger*, for the appellant, cited 3 Iowa 203.

*H. O. Ives*, for the appellee.

WRIGHT, C. J.—In the case of *Field et al.* v. *Johnson et al.*, (not reported,) decided at the last April term at Davenport, on motion, it was held that a party could not prosecute his appeal from a judgment at law, and his petition in chancery enjoining the collection of said judgment at the same time, and that the institution of said equity proceedings operated as a release of errors in the action at law.

We do not see that in principle the case differs from the one before us. By instituting his second action, as he had a right to do, plaintiff waived any error committed by the justice in the first case. If it should be held that the justice erred in requiring plaintiff to give security for costs, (as we clearly think he did,) and the cause should be remanded, there would be nothing left for him to do, for by the second trial and judgment the whole controvery is at an end. Such an order would therefore be practically useless, and could have no other effect than to require defendant to pay certain costs, now adjudged against the plaintiff. But the error in that decision, the plaintiff has voluntarily waived by the institution of his second action. 3 Ham. 20.

Judgment affirmed.