# REPORTS OF CASES

DETERMINED IN THE

# SUPREME COURT,

## SEPTEMBER TERM, 1871.

### R. H. MOORE, Respondent, *v.* THOMAS FLOYD ET AL., Appellants.

INSTRUCTIONS.—In an action against a sheriff for failing and refusing to levy upon property sold by the judgment-debtor prior to the execution, and remaining in his possession, the Court instructed the jury that the title to the property so sold was in the judgment-debtor, and that such property was subject to the execution: *Held*, that the instruction was error. It should have been left to the determination of the jury whether the sale was made in good faith or not.

BURDEN OF PROOF.—When a sheriff neglects to return an execution within the time required by law, or to levy upon property as commanded in the writ, it will be presumed that the plaintiff in the execution has suffered the loss of his debt, until the contrary is shown by the officer, upon whom the burden of proof rests.

APPEAL from Jackson County.

The facts are stated in the opinion of the Court.

*J. F. Watson, C. W. Kahler, and Hill, Thayer & Williams,* for Appellants.

*B. F. Dowell and W. R. Willis,* for Respondent.

By the Court, THAYER, J.:

This was an action in favor of the plaintiff, R. H. Moore, against the defendant, Thomas Floyd, former Sheriff of Josephine County, and the sureties on his official bond, to recover damages for an alleged neglect of duty as such Sheriff. The action was tried before a jury, who returned a verdict for the plaintiff for the sum of $3500, of which the plaintiff remitted the sum of $291, and judgment was given in his favor, and against the defendants, for the balance, $3209 and the costs, from which the defendants appeal to this Court.

The plaintiff claimed that on the 21st day of February, 1867, he caused an execution to be issued upon a judgment in the Circuit Court for the County of Josephine, in his favor, and against one George E. Briggs, and delivered the same to said Floyd, as such Sheriff, for service. That Briggs, the defendant in said execution, was at the time owner and in possession of certain property sufficient to satisfy the said execution, which fact was known to said defendant Floyd, and that he failed and refused to levy upon the same, or any other property, until after the return day of said execution. All of which allegations were denied by the defendants.

The plaintiff gave evidence upon the trial tending to show that said George E. Briggs was the owner and in possession of certain personal property, consisting of live stock of sufficient value to satisfy the execution, and that Floyd had not levied upon the same, or upon any property, until after the return day of the execution, and that he had not made any part of the money required thereby to be collected.

The defendant gave evidence tending to show that said George E. Briggs had, prior to the issuance of said execution, sold the said personal property to one George H. Briggs, and received his pay therefor. The defendant's counsel claim that the Court erred in the instructions to the jury in several particulars; and also in refusing to instruct as requested by defendant's counsel. We have ex-

amined the bill of exceptions carefully, and regard only two of the points as at all questionable.

The plaintiff could undoubtedly maintain an action in such a case against a sheriff and his sureties. The statute gives a right of action for such official neglect in favor of a party who has been injured thereby, for the recovery of his damages. (Civ. Code, § 238.)

Among the instructions given by the Court to the jury was the following:

"If the jury find that the personal property mentioned in the complaint was sold by George E. Briggs to George H. Briggs, but was not actually delivered, then the title was in George E. Briggs and subject to the execution."

This instruction was duly excepted to by the defendant's counsel, and is now claimed to be erroneous. It appears that the question in the Court below was as to whether the sale claimed to have been made by George E. Briggs to George H. Briggs was in good faith or not, and in that view of the transaction the instruction was given as above stated. The effect of the instruction was, that under the circumstances of the case, George E. Briggs, being in debt to Moore, a sale of his property to George H. Briggs, without being followed by an actual delivery, would be fraudulent and void as against Moore. There is no doubt but that a transaction of this character, under such circumstances, would be very strong evidence of fraud. When a debtor sells personal property and retains possession thereof, it is, as against his creditors, presumptive evidence of fraud. But can the Court determine, as a matter of law, that it is fraudulent? This question has never been fully settled by the Courts. We have a statute, however, which provides that every sale of personal property, * * * unless the same be accompanied by an immediate delivery, * * * creates a presumption of fraud as against the creditors of the seller, * * * disputable only by making it appear that it was made in good faith." (Civ. Code, § 40.)

The Circuit Court should have left it to the determination of the jury, whether the sale was made in good faith or not. From the instructions as given, the jury was re-

quired to find that the title was in George E. Briggs, pro-
vided they found that the property was not actually delivered.
The jury would not be justified in so finding under such a
state of facts, if it appeared that the sale had been made in
good faith, and there was evidence given upon the trial, as
shown by the bill of exceptions, tending to prove that the
sale was made in good faith. The instruction given, with-
out the qualification suggested, was erroneous. (See *Han-
ford* v. *Archer*, 4 Hill, 271.)

This is sufficient to dispose of the case; but as it has to
go back for a new trial, it becomes necessary for this Court
to pass upon another question. The defendant's counsel in
the Court below requested the Court to instruct the jury,
that if they found that defendant Floyd neglected to return
the execution within the time required by law, and that no
damages resulted to plaintiff on account of said failure,
then the plaintiff is entitled to only nominal damages for
such failure. This instruction was refused and an excep-
tion taken to such refusal. The instruction should have
been given. The action was to recover damages, and cer-
tainly the plaintiff should recover no more than his actual
damages, unless the neglect of the officer had been willful,
in which case exemplary damages might be recovered
against him. I am not aware that any of the authorities go
beyond this, although there has been a great diversity of
opinion as to what should be the rule of liability in such
cases.

The conclusion this Court has arrived at upon the point
last referred to is: That where a Sheriff neglects to return
an execution within the time required by law, or to levy
upon property as commanded by the writ, *prima facie* the
plaintiff in the execution has lost his entire debt, and the
burden of proof is upon the Sheriff to show to the contrary.
The Sheriff may mitigate the damages by proving the ex-
tent of the loss the plaintiff in the execution has suffered,
by showing that the execution debtor was insolvent, or any
fact which would legally tend to show the actual amount of
damages the plaintiff had sustained. Upon this point we
are inclined to adopt the rule laid down in *Stevens* v. *Rowe*

(3 Denio & N. Y. R. 327), although it seems to have been questioned by later decisions of that State.

Judgment reversed and new trial ordered.