[Argued October 29; decided November 26, 1894.]

## EHRMAN *v.* ASTORIA RAILWAY CO.

[S. C. 38 Pac. Rep. 306.]

26  377
28   97
26  377
37  324
37  329
26  377
48   48

1. PRACTICE ON APPEAL — EVIDENCE DEHORS THE RECORD.— Evidence dehors the record to establish certain facts affecting proceedings on appeal is admissible in an appellate court; and the admission of such evidence, when uncontroverted, is not an assumption of original jurisdiction.

2. WAIVER OF RIGHT TO APPEAL — INCONSISTENT ACTS.— The right to appeal from a decree refusing to foreclose a mechanics' lien is waived by bringing an attachment action after the entry of the decree, where the right of attachment is conditioned upon the fact that the claim is not secured by any lien or mortgage: *Moore* v. *Floyd*, 4 Or. 101, cited and approved.

APPEAL from Clatsop: THOS. A. McBRIDE, Judge.

This is a suit to foreclose a lien brought here on appeal by plaintiff after attaching the property in an action at law. Defendants claim that the seizure by attachment is a waiver of the appeal and move to dismiss it. The record shows that Warren W. Corey, Charles J. Corey, Amos B. Corey, Warren H. Wattis, and Edmond D. Wattis, copartners, doing business as general railroad contractors, under the firm name of Corey Brothers & Company, having filed their notice of lien upon the property of the defendant, the Astoria and Portland Railway Company, to secure the

payment of the cost of constructing a part of its line of railroad from Astoria to Portland, assigned their claim and lien to the plaintiff, who commenced this suit in the Circuit Court of Clatsop County for its foreclosure, and at the trial thereof on September twentieth, eighteen hundred and ninety-three, a decree was rendered dismissing the suit, from which the plaintiff on March nineteenth, eighteen hundred and ninety-four, appealed, and the transcript of said cause was on October second filed in this court. It also appears from affidavits filed herein that the plaintiff, immediately after and on the same day said decree was rendered, commenced an action at law in said circuit court for the same demand set forth in his complaint in this suit, filed his affidavit for an attachment in which he, *inter alia*, says, "that said contract," referring to his cause of action, "was made in this state, and that the payment of the same has not been secured by any mortgage, lien, or pledge upon real or personal property." At the same time he also filed an undertaking, and caused a writ of attachment to be issued and levied upon the same property which he is seeking to subject to the satisfaction of his lien in this suit. A summons in said action was served upon the defendants, who moved the court, upon a special appearance by them for that purpose, to set aside the service thereof, but, no further proceedings having been taken, the action is still pending in said court. These facts, which are made to appear by said affidavits and the exhibits forming a part thereof, are not denied by the plaintiff. The defendants claim that the seizure by attachment is a waiver of the right to appeal, and move to dismiss.

DISMISSED.

*Mr. Chas. W. Fulton,* for the motion.

*Mr. Harry M. Cake, contra.*

Opinion by MR. JUSTICE MOORE.

1.   The defendants' counsel contends that evidence de-
hors the record is admissible in this court, when it affects
proceedings before it on appeal; and that from such evi-
dence in this case it is apparent that the plaintiff has
waived his right of appeal; while plaintiff's counsel con-
tend that even if such evidence be admissible, it fails to
show such waiver; that the issuing of an attachment and
its levy upon the property of a debtor to further secure
the debt does not destroy the lien given by statute for
labor performed or material furnished in improvements
made upon real property; and that the remedies by attach-
ment and statutory lien are cumulative, and both may be
prosecuted at the same time.   The defendants' contention
is supported by many authorities, and the correct rule un-
doubtedly is that evidence dehors the record, to establish
certain facts, is admissible in an appellate court, affecting
proceedings before it upon appeal, and that the admission
of such evidence, when uncontroverted, is not an assump-
tion of original jurisdiction: *Dakota County* v. *Glidden*, 113
U. S. 222, 5 Sup. Ct. 428; *Elwell* v. *Fosdick*, 134 U. S. 500,
10 Sup. Ct. 598; *Bolen* v. *Cumby*, 53 Ark. 514, 14 S. W. 926;
*Portland Construction Company* v. *O'Neil*, 24 Or. 54, 32 Pac.
764.

2.   It may be conceded that debts for labor or material
may be secured both by statutory lien and attachment
(Phillips on Mechanics' Liens, § 311), but in this state an
attachment can only be had in an action upon a contract
for the direct payment of money which has not been
secured by mortgage, lien, or pledge upon real or personal
property (subdivision 1, section 144, Hill's Code), and be-
fore the writ can be issued the plaintiff, or some one in his
behalf, must make and file an affidavit showing these facts:
Hill's Code, § 145, subdivision 1.   It will thus be seen that
a claimant cannot make an affidavit for an attachment
when his debt is secured by a statutory lien.   A party

may, for a consideration, waive his right to appeal, by a stipulation clearly indicating his intention to do so, and an appellate court will enforce such stipulation by declining to pass upon the questions thus formally waived: Baylies on New Trials, 18: So, too, the right to appeal may be waived by acts of the party which are inconsistent with the assertion of that right. As was said in *Moore* v. *Floyd*, 4 Or. 101, "the right to proceed on a judgment and enjoy its fruits, and the right to appeal, are not concurrent; on the contrary, they are wholly inconsistent." When the court dismissed the suit, the plaintiff was enabled to take proceedings for a judgment and reap its fruit by making the necessary affidavit and securing an attachment of the property, and from these acts he has derived a benefit which he can enjoy until the decree is reversed, when, by dismissing his attachment, he can hold the property under his statutory lien; but if the decree be affirmed, he has already secured a lien upon the same property by the levy of his attachment, and in this fortunate condition he can speculate upon the probabilities of its affirmance or reversal, well knowing,—if this appeal cannot be dismissed, —that in either event his debt is secured. The attachment of the property was inconsistent with the right of appeal, and, the plaintiff having elected to pursue that remedy, has waived this right. It follows that the appeal must be dismissed, and it is so ordered.

DISMISSED.