ROBERT W. WINBORNE, THE CAMP MANUFACTURING COMPANY AND WILLIAM N. CAMP, APPELLANTS, vs. W. F. HUGHEY, APPELLEE.

1. During the pendency of a bill by W. and the C. Mfg. Co. to set aside a tax deed held by H. as a cloud upon title in which a temporary injunction restrained H. from taking possession of the land had been issued, H. filed his bill alleging ownership of the land and by virtue of the alleged tax title that he was in possession thereof and that W. and the C. Mfg. Co. were committing and about to commit acts alleged to constitute irreparable injury to the land, and praying that an injunction be issued and the two causes heard together. Upon this bill an injunction issued and from an order refusing to dissolve, as well as the order granting same, an appeal was taken to the Supreme Court. Subsequently the first suit proceeded to final decree declaring void the tax deed held by H. from which an appeal was likewise taken to the Supreme Court. The latter court considered both causes together and finding no error in the decree in the first suit, affirmed the same. Held, that the bill filed in the second suit must be dismissed without considering the propriety of the orders appealed from, as under the circumstances stated no practical result can be accomplished by reviewing them.

Appeal from the Circuit Court for Alachua County.

The facts in the case are stated in the opinion of the court.

*Hampton & Ammons,* for Appellants.

*Horatio Davis* and *Anderson & Hocker,* for Appellee.

PER CURIAM.

This cause was referred by the court to two of its commissioners, Messrs. Maxwell and Glen, for investigation, who report that the appellee's bill ought to be dismissed.

From the abstract it appears that appellee, complainant in the court below, filed his bill against appellants, alleging the pendency in said court of a suit in equity against him, instituted by appellants Winborne and the Camp Manufacturing Company, wherein the latter alleged ownership and possession of certain lands in said county; that in the year 1892 said lands were unlawfully assessed for taxes by the collector of revenue of said county to one not their owner, and certified to the State for non-payment of the taxes so assessed thereon; that said assessment and certification were null and void by reason of various facts alleged in said bill; that the State, through its proper officers, executed a deed of conveyance to appellee in pursuance of said certification, which constituted a cloud upon the title of said appellants; that appellee was asserting title under said deed and about to take forcible possession of the lands, and they prayed that the said assessment, certification and deed be declared null and void; that appellee be enjoined from taking possession of the land, and for other relief.

The bill further alleged the issuance of an injunction in said suit, which appellee had obeyed; that he had filed an answer therein denying all the material allegations of the bill, and asserting that he was the owner of the premises and in possession thereof, and was in possession when suit was brought.

Appellee alleged in his bill that appellants, well knowing that the injunction order was in force against him had gone upon said land and were pitting the same for phosphate, and hauling and placing thereon machinery preparatory to mining phosphate from the soil thereof and had placed thereon a saw-mill for the purpose of cutting the timber thereon, and, although notified by appellee's agent to keep off the land, their agent, the appellant Camp, had declared he would not do so until stopped by the sheriff; that the land was chiefly valuable on account of the phosphate rock on the same, and the pine trees growing thereon, and if appellants were permitted to proceed before the title to the land was determined it would work irreparable injury to appellee, which would be accomplished unless an immediate remedy were afforded.

The bill prayed that the two suits might be heard together, and that an injunction issue against appellants restraining them from continuing their operations, or interfering with the possession of the said lands until the title thereto was determined in the suit aforesaid.

An injunction was issued by a court commissioner, which the court, on motion of appellants, refused to dissolve, and from these interlocutory decrees this appeal is prosecuted, appellants having obtained an order of supersedeas from one of the justices of this court.

In the cause mentioned in the bill filed by appellee in this case a final decree was rendered by the Circuit Court of Alachua county, setting aside and cancelling the appellee's tax deed as a cloud upon the title of the appellants Winborne and the Camp Manufacturing Company. From that decree an appeal was taken to this court. The appeal in that case has been considered in connection with this appeal, as the bill in this case prays that both causes be heard together. The court being of opinion that there is no reversible error in the decree in the other cause has entered its judgment affirming same.

The appellee in this case claims no title other than the tax deed which the final decree in the other case set aside and cancelled, and that decree having been affirmed, it is evident that no practical results can be accomplished by reviewing the orders granting and refusing to dissolve the injunctions appealed from in this case. The purpose of the present bill was to preserve the property in *statu quo* until the former suit could be determined, and not to secure relief independent of that litigation. The former suit having terminated in an adjudication adverse to the title claimed by appellee, and that adjudication having been affirmed on appeal, the present bill ought to be dismissed. Accordingly an order will be entered here dismissing the bill, each party paying his own costs in this as well as the court below.