[No. 8437.    Department One.    May 10, 1910.]

PETER MORRISON *et al., Respondents,* v. JOHN BERNOT, *Appellant.*[1]

SET-OFF AND COUNTERCLAIM—CONNECTION WITH SUBJECT-MATTER OF ACTION—INJUNCTION—DAMAGES. In an action to enjoin the defendant from filling up a drainage ditch constructed by the plaintiffs, an independent claim by defendant for damages to his land by reason of the construction of the ditch is not a proper counterclaim, within Rem. & Bal. Code, § 265, authorizing a counterclaim for a cause of action arising out of the transaction set forth in the complaint or connected with the subject of the action.

APPEAL AND ERROR—RIGHT TO APPEAL—WAIVER—ESTOPPEL—PROSECUTING ANOTHER ACTION. Error in dismissing defendant's counterclaim is waived by his prosecution of another action for the same claim, and estops him from prosecuting an appeal from the judgment dismissing the first action.

APPEAL AND ERROR—DECISIONS REVIEWABLE—DENIAL OF TEMPORARY INJUNCTION—INSOLVENCY. Under Rem. & Bal. Code, § 1716, subd. 3, an appeal does not lie from an order denying a temporary injunction unless the party against whom the temporary injunction was sought was found to be insolvent.

[1]Reported in 108 Pac. 772.

SAME—REVIEW. Questions not passed upon by the trial court are not reviewable on appeal.

SAME—DECISIONS REVIEWABLE—ORDER OVERRULING DEMURRER. An order overruling a demurrer is not appealable.

Appeal from a judgment of the superior court for Spokane county, Hinkle, J., entered May 8, 1909, dismissing, on motion of the plaintiff, an action and appellant's cross-complaint therein seeking injunctive relief. Also, appeal from an order of said court, Sullivan, J., entered May 22, 1909, denying a temporary injunction to the appellant in a subsequent action commenced by him against the former plaintiff. Appeals dismissed.

*Jones & Salsbury* and *W. C. Jones*, for appellant.

*R. M. Barnhart* and *Fred C. Pugh*, for respondents.

RUDKIN, C. J.—Many years ago Peter Morrison and others, owning lands along the shore of Saltese Lake in Spokane county, and claiming title to the bed of the lake by virtue of their upland ownership, constructed a drainage ditch from the foot of the lake across certain lands now owned by John Bernot. Before the commencement of the two actions hereinafter mentioned, Bernot threatened to fill in the ditch to protect his lands from erosion and other injuries caused by its construction and maintenance. Morrison and others thereupon commenced an action in the superior court of Spokane county against Bernot to restrain such threatened action on his part. The defendant, Bernot, by answer and cross-complaint, alleged that he had made a valid appropriation of the waters of the lake for irrigation and other purposes; that he proposed to fill in the ditch and dam the foot of the lake to retain the waters therein for the purposes aforesaid; that his lands were damaged by the past maintenance of the ditch, and prayed for injunctive relief restraining the plaintiffs from interfering with him in the prosecution of his enterprise, and for damages for past in-

juries. The allegations of the answer and cross-complaint were put in issue by reply. Thereafter the court dismissed the action on motion of the plaintiffs, without trial, and against the objection and protest of the defendant.

Upon the dismissal of this action, the defendant, Bernot, commenced a second action against the plaintiffs in the first mentioned action for injunctive relief. The complaint in the second action was almost identical with the cross-complaint in the first action, except the latter complaint omitted any claim for damages. An application for a temporary injunction in the second action was refused, and appeals have been prosecuted by Bernot from the judgment of dismissal in the first action, and from the order denying the motion for a temporary restraining order in the second action. The two appeals were consolidated and presented to this court on the same briefs and arguments. Important questions of practice and substantive law have been ably presented in the briefs and on the oral argument, but for reasons to be presently stated, many of these questions are not properly before us for review.

The first error assigned is based on the dismissal of the first action. Rem. & Bal. Code, § 264, provides, that the answer of the defendant must contain among other things, "(2) A statement of any new matter constituting a defense or counterclaim, in ordinary and concise language without repetition." The next section defines a counterclaim as follows:

"The counterclaim mentioned in the preceding section must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of one of the following causes of action:

"(1) A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action;

"(2) In an action arising on contract, any other cause

of action arising also on contract, and existing at the commencement of the action." Rem. & Bal. Code, § 265.

Rem. & Bal. Code, § 408, provides, that an action may be dismissed, or a judgment of nonsuit entered:

"(1) By the plaintiff himself, at any time before the jury retire to consider their verdict, unless setoff be interposed as a defense, or unless the defendant sets up a counterclaim to the specific property or thing which is the subject-matter of the action."

Under these several sections, the appellant contends that his answer set up a counterclaim to the specific property or thing which was the subject-matter of the action, and that it was error to dismiss the first action without his consent. The respondents, on the other hand, contend that the answer contained neither a set-off nor a counterclaim. The claim for damages set forth in the cross-complaint, if treated as an independent cause of action in favor of the appellant, was not a proper counterclaim in an action for injunctive relief, but the claim for damages was a mere incident to the other relief sought and need not be further considered.

Omitting the claim for damages as an independent cause of action, as we must, the cause of action set forth in the counterclaim or cross-complaint and the cause of action set forth in the complaint in the second action are identical, and the commencement of the second action was a clear waiver of any error in the dismissal of the first. In other words, the dismissal of the complaint in the first action carried with it the cross-complaint or counterclaim, and the appellant was at liberty to prosecute an appeal from the judgment of dismissal, or to prosecute a new action for the. same cause, but manifestly he could not do both, for the rule is well established that if a party, after judgment against him, prosecutes another action based upon the same cause, he thereby estops himself to appeal from the first judgment or bring error to review it. *Carr v. Casey,* 20 Ill. 637; *Gordon v. Ellison,* 9

Iowa 317, 74 Am. Dec. 353; *Liebuck v. Stahle*, 66 Iowa 749, 24 N. W. 562; *Ehrman v. Astoria R. Co.*, 26 Ore. 377, 38 Pac. 306. Inasmuch as the appellant has waived his right of appeal from the first judgment, or is estopped to further prosecute it, such appeal must be dismissed.

The second appeal is from an order denying a motion for a temporary injunction. Rem. & Bal. Code, § 1716, subd. 3, provides,

"That no appeal shall be allowed from any order denying a motion for a temporary injunction or vacating a temporary injunction, unless the judge of the superior court shall have found upon the hearing, that the party against whom the injunction was sought was insolvent."

There was no finding of insolvency in this case, and therefore the second appeal must also be dismissed. Nearly the entire argument before this court was addressed to the merits of the respective actions, and more especially to the title of the respondents to the bed of the lake, but these questions were not passed upon by the court below and cannot properly be passed upon by this court on appeal. It may be that the merits of the case were in a measure considered by the trial court on the hearing of the demurrer to the complaint and answer in the first action; but if so, the order overruling the demurrer is not appealable, and the merits of the case could not have been considered on the hearing of the motion to dismiss.

The questions which the appellant has presented on this appeal can only be considered by this court after the court below has disposed of them on the final hearing of the second action. For the reasons stated, the two appeals must be dismissed, and it is so ordered.

GOSE, FULLERTON, CHADWICK, and MORRIS, JJ., concur.