BRANFORD STATE BANK, A CORPORATION, *Plaintiff in Error*, v. THE HOWELL COMPANY, A CORPORATION, *Defendant in Error*.

### En Banc.

### Opinion Filed December 18, 1924.

1. The judge should never direct a verdict for one party unless the evidence is such that no view which the jury may lawfully take of it favorable to the other party can be sustained, nor should a motion for directed verdict be granted where the evidence is conflicting or will admit of different reasonable inferences, or if there is evidence tending to prove the issue. Under our jurisprudence the matter of directing a verdict as authorized by Section 2696, Revised General Statutes of Florida, is a delicate one and should be cautiously exercised.

2. The ratification of the act of an agent previously unauthorized, must in order to bind the principal be with full knowledge of all the material facts. If the material facts be either suppressed or unknown, the ratification is invalid because founded on mistake or fraud.

3. When the principal is informed of what has been done, he must dissent, restore all the fruits of the transaction and give notice in reasonable time, or otherwise his assent to what has been done shall be presumed.

A Writ of Error to the Circuit Court for Suwannee County; M. F. Horne, Judge.

Judgment reversed.

*J. B. Johnson,* for Plaintiff in Error.

*C. C. Howell* and *P. B. Howell,* for Defendant in Error.

PER CURIAM.—Both parties hereto are Florida corporations. Branford State Bank sued the Howell Company to recover the amount of three notes specifically set out in the declaration, which also included the common counts. The case went to trial on the general issue and denial of the notes and execution thereof on the part of the defendant.

At the conclusion of all the testitmony a motion for directed verdict on the part of defendant was granted. This court has frequently held that the judge should never direct a verdict for one party unless the evidence is such that no view which the jury may lawfully take of it favorable to the other party can be sustained, nor should a motion for directed verdict be granted where the evidence is conflicting or will admit of different reasonable inferences, or if there is evidence tending to prove the issue. Under our jurisprudence the matter of directing a verdict as authorized by Section 2696 Revised General Statutes of Florida is a delicate one and should be cautiously exercised. Johnson v. Louisville & N. R. Co., 59 Fla. 305, 52 South. Rep. 195; Florida East Coast R. Co. v. Hayes, 66 Fla. 589, 64 South. Rep. 274; German-American Lumber Co. v. Brock, 55 Fla. 577, 46 South. Rep. 740.

We have examined the record in this case carefully, and the evidence supporting and contradicting the issues on which the case must turn is conflicting in the extreme. In awarding the motion for an instructed verdict under such circumstances the court usurps the function of the jury, and his action in so doing is reversible error.

The notes sued on in this case were executed by an agent of defendant to take up over-drafts that were made in the usual course of business. Defendant contends that these notes were executed by its agent contrary to its by-laws without its knowledge or consent; that they were never approved by it, and are therefore illegal and without binding effect. Plaintiff contends that the action of the agent in executing the notes was ratified verbally by the defendant by acquiescence on its part and retention of the proceeds of the notes.

No rule of law is better settled than this, that the ratification of the act of an agent previously unauthorized, must in order to bind the principal be with full knowledge of all the material facts. If the material facts be either suppressed or unknown, the ratification is invalid because founded on mistake or fraud. Owings v. Hull, 9 Pet. (U. S.) 607; 21 R. C. L. 928.

This rule in relation to agency is also well settled that when the principal is informed of what has been done, he must dissent, restore all the fruits of the transaction and give notice in reasonable time, or otherwise his assent to what has been done shall be presumed. Thompson v. Laboring Man's Mercantile & Mfg. Co., 60 W. Va. 42, 53 S. E. Rep. 908, and cases cited; 21 R. C. L. 930.

Under the issues made, it was competent for the plaintiff to submit any competent evidence showing or tending to show that the defendant by word of mouth or by acquiescence ratified the acts of its agent in executing the notes sued on, and retained the benefits thereof. Material evidence in support of such facts was excluded from the jury by the trial court, and none of the evidence submitted in support of them was permitted to be considered.

For error in granting the motion for directed verdict and exclusion of what we think was competent evidence

in support of ratification and retention of benefits, the judgment below must be and is hereby reversed.

TAYLOR, C. J., AND WHITFIELD, ELLIS, BROWNE, WEST AND TERRELL, J. J., concur.