HARVEY S. CHASE, *Appellant,* v. H. C. SULLIVAN and MATTIE B. SULLIVAN, *Appellees.*

En Banc.

Opinion filed January 28, 1930.

H. W. *Holland,* for Appellant;

*Huffaker & Edwards,* for Appellees.

MATHEWS, Commissioner:

This suit was brought by appellant, hereinafter referred to as complainant, to foreclose a purchase money mortgage made by defendants to complainant.

Defendants in their answer sought to have the mortgage and notes reformed, so as to set forth therein an agreement between defendants and complainant's agent, who negotiated the sale of the mortgaged lands to defendants, and attended to the closing of the deal, to the effect that the lands described in the mortgage should alone be responsible for the debt, a clause having been inserted for

that purpose, which failed to express the intended meaning. The answer prayed for a decree reforming the mortgage and relieving the defendants from personal liability.

Complainant assigned as errors, refusal of the Court to strike that part of the defendants' answer seeking reformation of the mortgage and notes, ruling on admission or rejection of certain testimony taken before the Court, and that part of the final decree which reformed the mortgage and notes as prayed, and decreed the land, alone, should be responsible for the indebtedness and that the defendants be not liable for any deficiency which might arise.

Defendants at the time of the purchase, paid part of the consideration in cash. The mortgage was given to secure an unpaid balance of $4,000.00, with interest, taxes, costs and solicitor's fees. Defendants advised complainant, before foreclosure proceedings were instituted, of the agreement between them and complainant's agent, that the lands, alone, were to be responsible for the debt, and that a clause to that effect was attempted to have been set forth in the mortgage, and offered, before suit, to reconvey the mortgaged lands to complainant in satisfaction of the mortgage indebtedness.

At the foreclosure sale, made pursuant to final decree, complainant himself bought in the mortgaged land and holds a master's deed thereto, and the sale stands confirmed. There remains due and unpaid to complainant an amount slightly in excess of $1,600.00. The decree of confirmation gave no deficiency judgment, and neither the final decree nor the decree of confirmation contain any reservation, holding the case open for that purpose.

When an agent acts for his principal and the principal accepts the fruits of the agent's efforts, the principal must be deemed to have adopted the methods employed, and he

may not, even though innocent, receive the benefits and at the same time disclaim responsibility for the means by which they were acquired. 21 R. C. L. 932.

"When the principal is informed of what has been done, he must dissent, restore all the fruits of the transaction and give notice in reasonable time, or otherwise his assent to what has been done shall be presumed." Branford v. Howell, 88 Fla. 493, 102 So. R. 469.

Where vendor holding a mortgage contract, given to secure part of the purchase price of lands sold to the mortgagor, after being clearly informed of an omitted part of the agreement made at the time of sale between the vendor's agent and mortgagor, and by them agreed to have been inserted in such mortgage, and omitted therefrom through mistake of fact, or law, or misrepresentation of vendor's agent, whereby the mortgagor was to be relieved from personal liability, brings suit in equity to foreclose such mortgage and continues to hold and receive the benefits of the sale as made by his agent, and by such foreclosure proceedings regains title to the mortgaged land, he will be estopped in such proceeding to deny the authority of his agent to make the omitted portion of such contract, and the mortgagor in such foreclosure proceeding, by cross-claim in his answer with a prayer for such relief, where the evidence is full and satisfactory, may have such mortgage contract fully reformed, so as to include therein that part or portion of the agreement found to have been omitted therefrom by reason of mistake of law or fact or misrepresentation on the part of the vendor's agent. Jacobs v. Parodi, 50 Fla. 541, 39 So. R. 833. Capital City Bank v. Hilson, 64 Fla. 206, 60 So. R. 189.

"This Court has for all time settled the question that the granting or denying of a deficiency decree is a matter

to be determined only by the exercise of judicial discretion, and that such decree may be granted or denied according to the facts and circumstances in each case." Fagan v. Robbins, 96 Fla. 91, 117 So. R. 863.

No errors have been made to appear.

Affirmed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the decree of the Court below should be, and the same is hereby affirmed.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.