INTERTYPE CORPORATION, *Appellant,* v. FRANK F. PULVER, etc., et al., *Appellees.*

Opinion filed March 17, 1931.
On rehearing appeal dismissed July 7, 1931.

*W. B. Crawford,* for Appellant;

*Harry R. Hewitt* and *Jefferson D. Stephens,* for Appellees.

1178

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered, and decreed by the Court that the decree of the court below should be, and the same is hereby, reversed and this cause is remanded with directions to the court below to enter the

usual decree of foreclosure in favor of the complainant for the principal amount shown to be due the complainant with interest.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.

### ON REHEARING.
### Opinion filed July 7, 1931.

1. Evidence *dehors* the record to establish certain facts is admissible in an appellate court affecting proceedings before it upon appeal and the admission of such evidence when uncontroverted is not an assumption of original jurisdiction.

2. Where the complainant in a foreclosure suit after a final decree has been entered adverse to the complainant then institutes a replevin suit to acquire possession of the identical property which is the subject matter of the foreclosure suit and in such replevin suit acquires possession and control of the property, such complainant will be deemed and held to have thereby abandoned the foreclosure suit and it is immaterial whether or not he is ultimately successful in the replevin suit.

3. Where appellant not only abandoned its foreclosure suit by instituting a replevin suit in the Federal District Court to obtain possession of the identical property the subject matter of the foreclosure suit in the State Circuit Court, before filing its notice of appeal but it also placed the res, which was the subject matter of the that suit, beyond the jurisdiction of the Court and made it impossible for a decree of foreclosure to be effectual as against that property, the appeal in the foreclosure suit will be dismissed.

An appeal from the Circuit Court for Pinellas County; John U. Bird, Judge.

Dismissed.

*W. B. Crawford,* for Appellant;

*Harry R. Hewitt,* and *Jefferson D. Stephens,* for Appellees.

PER CURIAM.—Appellant filed suit to foreclose a mortgage. The facts are stated in an original opinion filed herein on March 17, 1931. On final hearing in the lower court the decree was in favor of the defendant although

the bill was not dismissed. The original opinion in this case reversed the decree. Motion for rehearing was presented and granted. It was alleged in this motion and supported by proof that the foreclosure suit was filed in the Circuit Court of Pinellas County on the 13th day of April, 1927; that final decree was entered March 22nd 1928; that after the entry of the decree against appellant; the appellant on the 16th day of June, 1928, instituted suit by filing affidavit in replevin in the United States District Court of the Southern District of Florida and under process of that Court wherein writ of replevin was levied upon the identical property of which the foreclosure is sought, the appellant acquired possession of such property, removed the property from the State of Florida to New Orleans in the State of Louisiana and sold the same to a third party for $22,000.00 cash; that on the 5th day of September, 1928, the appellant filed notice of appeal from the order in the foreclosure suit which is now under consideration.

Under the terms of the mortgage which was introduced in evidence in this case, the appellant had three remedies in case of default by the mortgagor in any of several covenants contained in the mortgage. One of those remedies was to foreclose the mortgage in a suit in chancery to enforce the payment of the notes secured by the mortgage; another was to sue at law on the notes, and the third was to repossess the property, sell the same and if any surplus remained after paying expenses incident to such repossession and sale, to account to the mortgagor for the same. The remedies were each inconsistent with the others. It appears to be well settled that evidence dehors the record to establish certain facts is admissible in an appellate court affecting proceedings

before it upon appeal and that the admission of such evidence when uncontroverted is not an assumption of original jurisdiction. Dakota Co. vs. Glidden, 113 U.S. 222, 5 Sup. Ct. Rep. 428, 28 Law Ed. 981; Elwell vs. Fosdick, 134 U.S. 500, 10. Sup. Ct. Rep. 598, 33 Law Ed. 998; Bolen vs. Cumby, 53 Ark. 514, 14 S.W. 926; Construction Co. vs. O'Niel, 24 Oregon 54, 32 Pac. 764.

This Court is, therefore, authorized to consider the evidence produced as to the conduct of the appellant affecting its right to prosecute appeal.

The facts as above stated were not controverted by the appellant when appearing by counsel before this Court but in the main were specifically admitted to be true. In this state of facts the appellant not only abandoned its foreclosure suit before filing its notice of appeal but it also placed the res, which was the subject matter of that suit, beyond the jurisdiction of the Court and made it impossible for a decree of foreclosure to be effectual as against that property.

In Ehrman vs. Astoria & P. Rwy. Co., et al, 38 Pac. 306, the Supreme Court of Oregon in considering an appeal in a suit to foreclose a lien brought to that court after attachment at law of the property involved in the foreclosure, said:

"It may be conceded that debts for labor or material may be secured both by statutory lien and attachment (Phil. Mech. Liens #311); but in this State an attachment can only be had in an action upon a contract for the direct payment of money which has not been secured by mortgage, lien or pledge upon real or personal property (subdivision 1, #144, Hill's Code), and before the writ can be issued the plaintiff, or someone in his behalf, must make and file an affidavit showing these facts (Hill's Code, #145, subdivision

1). It will thus be seen that a claimant cannot make an affidavit for an attachment when his debt is secured by a statutory lien. A party may, for a consideration, waive his right to appeal by a stipulation clearly indicating his intention to do so, and an appellate court will enforce such stipulation by declining to pass upon the questions thus formally waived. Baylies, New Trials, 18. So, too, the right to appeal may be waived by acts of the party which are inconsistent with the assertion of that right. As was said in Moore v. Floyd, 4 Or. 101: 'The right to proceed on a judgment and enjoy its fruits, and the right to appeal are not concurrent. On the contrary, they are wholly inconsistent.' When the court dismissed the suit the plaintiff was enabled to take proceedings for a judgment and reap its fruit, by making the necessary affidavit and securing an attachment of the property, and from these acts he has derived a benefit which he can enjoy until the decree is reversed, when by dismissing his attachment, he can hold the property under his statutory lien; but if the decree be affirmed he has already secured a lien upon the same property by the levy of his attachment, and in this fortunate condition he can speculate upon the probabilities of its affirmance or reversal, well knowing—if this appeal can not be dismissed—that in either event his debt is secured. The attachment of the property was inconsistent with the right of appeal, and the plaintiff, having elected to pursue that remedy, has waived this right.''

See also Gordon vs. Ellison, 9 Iowa 317, 74 Am. Dec. 353; Wright, Barrett & Stillwell Co. vs. Robinson, et al., 79 Minn. 272, 82 N.W. 632; Samuel vs. Samuel, 59 Kan. 335, 52 Pac. 889.

An appellate court will not entertain an appeal where it is plain that nothing could be accomplished by its

decision and judgment. Broward vs. Bowden, 39 Fla. 571, 23 Sou. 489; Winborne vs. Hughey, 44 Fla. 739, 33 Sou. 248; Barrs vs. Peacock, 65 Fla. 12, 61 Sou. 118.

As it appears that the appellant has under the process of Federal District Court acquired possession of the property upon which he seeks now to obtain a decree of foreclosure and after so acquiring such possession has placed that property beyond the jurisdiction of the State Court where no decree of foreclosure could be effective against it, it not only thereby abandoned its foreclosure suit and its right to appeal from the final decree therein, but it deprived that court of its jurisdiction over the property which was essential to the maintaining of the suit to foreclose the mortgage.

For the reasons stated, the judgment of reversal heretofore rendered in this Court should be cancelled and annulled and the appeal should be dismissed. It is so ordered.

Dismissed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.