INTERTYPE CORPORATION et al. v.
PULVER.*

No. 6861.

Circuit Court of Appeals, Fifth Circuit.

June 3, 1933.

Hilton S. Hampton, of Tampa, Fla., and Warren B. Parks, of Orlando, Fla., for appellants.

H. R. Hewitt and Jefferson D. Stephens, both of St. Petersburg, Fla., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

BRYAN, Circuit Judge.

The Intertype Corporation sued Frank F. Pulver in replevin to recover possession of

*Rehearing denied July 11, 1933.

certain type and typesetting machines which it had delivered to him originally under a conditional sales contract, and upon which it later took a chattel mortgage to secure the balance of the purchase price. It gave a replevin bond as required by state statute (see Comp. Gen. Laws Fla. 1927, §§ 5333, 5335), with the United States Fidelity & Guaranty Company as surety. Pulver, who did not give a forthcoming bond, obtained judgment in the court below for the sum of some $14,-000, the difference between what he had paid on the purchase price and $25,000, the agreed value of the property. By the original contract between the parties it was agreed that the corporation retain title until Pulver had given a first mortgage to secure the balance of the purchase price, and in case of his default in making payment that all payments previously made should be applied as liquidated damages. Pursuant to the contract, a mortgage was subsequently given. It provided that in case of default in payment of future installments on the purchase price the corporation should have the right to take immediate possession of the mortgaged property, sell and dispose of it at public auction or private sale, deduct all sums due under the mortgage, and pay over any surplus to Pulver. Pulver having defaulted on his payments, the corporation filed a bill in a state court to foreclose the mortgage. Pulver's answer denying execution of the mortgage was sustained in the trial court by a decree which was reversed by the Supreme Court of Florida, 101 Fla. 1176, 132 So. 830. But before taking an appeal, the corporation brought this replevin suit, obtained possession of the mortgaged property, removed it from the state, and sold it. These facts being called to the attention of the Supreme Court on rehearing, the appeal was dismissed on the ground that the corporation had abandoned its foreclosure suit and removed the subject-matter of it beyond the jurisdiction of the court. 101 Fla. 1180, 135 So. 793. The complications in this case arise out of the foreclosure suit. The corporation and its surety, contending that they had the right to take Pulver at his word, now rely on the terms of the conditional sales contract, under which they say Pulver was not entitled to any credit for the amounts paid by him, but that such amounts should be applied to liquidated damages. The conclusion they arrive at is that the trial court erred in entering up judgment in any amount against them. Pulver on the other hand takes the position that the corporation elected its remedy by bringing suit to foreclose the mortgage, and

420

thereby estopped itself to sue afterwards in replevin.

This much litigated case was sought to be appealed here once before from a judgment of the referee holding appellants liable for the full value of the mortgaged property without deduction of payments made on the purchase price. We dismissed the appeal for want of jurisdiction. 56 F.(2d) 992. This appeal is from a judgment by the district judge giving credit for the payments made by Pulver and allowing to him the agreed value of the mortgaged property less the balance owing by him on the purchase price. We think this judgment is right and just. The original conditional sales contract was merged in the mortgage. The mortgage authorizes the mortgagee in case of default to take possession of the mortgaged property, to sell it, to deduct the balance due it, and then requires it to pay any remaining surplus over to the mortgagor. And that is exactly what the judgment appealed from does. Certainly Pulver is not in a position to insist that the corporation be limited only to the foreclosure proceedings. Those proceedings were abandoned, at least temporarily, and the replevin suit instituted because of his interposition in bad faith of a false defense. He is not entitled to derive any benefit from the circumstance that the mortgaged property was removed from the jurisdiction of the court. It makes no difference that the legal title was not in the corporation at the time it brought the action of replevin. It was sufficient that the corporation then had the right of possession. C. G. L. § 5329; Intertype Corporation v. Pulver, 101 Fla. 1176, 132 So. 830, 135 So. 793; 23 R. C. L. 864.

The judgment is affirmed.