[No. 24922. Department One. February 27, 1934.]

THE STATE OF WASHINGTON, *on the Relation of Union Savings & Loan Association, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Respondent*.[1]

*Evans & McLaren*, for relator.
*Dore, Beeler & Haven*, for respondent.

MAIN, J.—The relator, as plaintiff, brought an action to foreclose a real estate mortgage. In the complaint, it asked for injunctive relief and, in the alternative, for the receiver to collect the rent from the property covered by the mortgage during the foreclosure. The relator supported the application for injunctive relief by an affidavit, and a temporary restraining order was issued, accompanied by a show cause order returnable on a specified date. Upon the return day, the defendants in the foreclosure action appeared, and a hearing

[1]Reported in 30 P. (2d) 231.

was had which resulted in an order denying any injunctive relief because the relator had breached the contract upon which it necessarily relied for such relief. To review this order, the relator has brought the case here.

The facts essential to be stated are these: The relator is a corporation organized under the laws of this state with reference to savings and loan associations, and has its principal place of business in the city of Seattle. W. P. Goodrich and wife were the owners of a lot in the same city upon which had been erected a three-story apartment house, which contained twenty-four apartments, and a small duplex house, which contained two apartments. November 9, 1928, the owners of the property executed and delivered to the relator their promissory note in the principal sum of thirty thousand dollars, bearing interest at seven per cent per annum, payable $320 December 20, 1928, and the sum of $1,350 on the twentieth day of June and December thereafter until January 1, 1934, when the entire balance would become due and payable. The note was secured by a mortgage upon the property mentioned.

Thereafter, and on July 26, 1932, the mortgagors, Goodrich and wife, being in default in the payments due on said note and mortgage, executed to the relator an assignment of rents covering the property. This assignment provided that the rents should be collected by the owners of the property, who should act as manager and janitor, and be turned over to the relator. The rents thus turned over were to be disposed of, first, by paying the operating and upkeep expenses of the property; second,

". . . reservation of funds in the hands of the assignee [relator] each month of sufficient appropriations to retire taxes and insurance premium as the same become due;"

and third, delinquencies of principal and interest on the mortgage. There had been placed in the property furniture and furnishings purchased upon conditional sales contracts, and there was a further provision that the assignee, out of the rents, could make such payments on these contracts as it saw fit from time to time.

Under this assignment, the property was operated until November 29, 1933, when the present action was instituted. During the time that the property was thus operated, there was collected and paid over to the relator the sum of $2,990.47. No part of this was used to pay taxes, and approximately $2,000 was applied upon the note and mortgage. The relator did not pay the taxes for the last half of the year 1931, or for the year 1932, which had become delinquent to the extent of approximately $1,270. The relator not having paid the taxes which the assignment agreement provided should be paid before any sum was applied upon the interest or principal of the note and mortgage, the mortgagors, in October, 1932, refused to turn over further rents to the relator, and thus precipitated this action.

The trial court refused to grant any injunctive relief pending the foreclosure, because relator had breached the contract in failing to pay the taxes prior to applying any sum upon the note and mortgage. Without so deciding, it will be assumed that the relator was entitled to the relief which it sought had it not been guilty of a breach of the contract.

The question, then, is whether the relator, having breached the contract, is in a position to invoke the aid of a court of equity as against the owners of the property.

While specific performance may properly be decreed in favor of a plaintiff who has been guilty of a minor breach of a contract, such relief will not be decreed where the plaintiff has committed a material breach

of the contract, unless refusal of the decree would effectuate an unjust penalty or forfeiture. American Law Institute Restatement of the Law of Contracts, Vol. A, § 375.

There is a close analogy between invoking aid of equity in an action for specific performance and in invoking such aid in a case where injunctive relief is sought. In this case, there does not appear to be any contention that the rule would not be the same in one case as in the other. Where the breach of the contract by the one seeking relief has immediate and necessary relation to the equity he seeks in respect to the matter in litigation, the equitable powers of the court will not be executed in his behalf if there has been bad faith, or by any unfair means an advantage has been gained. *Keystone Driller Co. v. General Excavator Co.,* 54 S. Ct. 146, rendered December 4, 1933.

In the case now before us, the failure of the relator to apply the rents received by it upon the taxes was a material breach of the contract which had an immediate and necessary relation to the matter in litigation, and brings the case within the rule stated.

It is said, however, that, subsequent to the time that the order was entered by the trial court denying relief, the relator has paid the taxes. But that is not material at this time. It was a matter which was not before the court at the time of the hearing and cannot now be properly considered here. *Morrison v. Bernot,* 58 Wash. 302, 108 Pac. 772.

Since the relator, for the reason stated, was not entitled to invoke the aid of a court of equity, the other questions presented are not before us, and will not now be decided.

The order is affirmed.

BEALS, C. J., MITCHELL, MILLARD, and GERAGHTY, JJ., concur.