ALLEN, Acting Chief Judge.
This is an appeal by a real estate broker, Harlow G. Fredrick, defendant below, from a final judgment of $1300 entered in favor of plaintiff-appellees on a jury verdict. Recovery was sought on the theory that defendant’s salesman and agent, one T. J. Berkmeyer, negligently overvalued a piece of property which plaintiffs took in trade as part of the purchase price for a piece of property defendant sold for plaintiffs to a third party.
The amended complaint alleged a listing agreement in July, 1955, between plaintiffs and the defendant broker covering 20 acres of unimproved land which plaintiffs desired to sell for $15,000. It further alleged that about a month later defendant, broker, (agent of plaintiff-sellers), through his “sub-agent,” T. J. Berkmeyer, notified plaintiffs that a buyer had been secured who would pay $15,000 for the 20 acres. However, this amount would be paid $12,-500 in cash with the remainder of the consideration to be a lot, 100 x 201 feet in size, purportedly valued by the sub-agent at $2,500. The complaint further alleged that the defendant was responsible for the purported representations of the sub-agent in connection with ascertaining the true size and value of the lot and that defendant, through his agents, had admitted making a mistake as to the size of the lot. Defendant was paid a $1,500 commission on the transaction. Plaintiffs were in California at the time and the deal was *849 consummated on the terms above described before plaintiffs returned to Florida. In February, 1956, plaintiffs returned to Florida and discovered the lot was only 50 x 201 feet and allegedly worth $1,200 instead of $2,500. Plaintiffs sold the lot for $1,200 and instituted this action to recover the $1,300 difference between the price for which the lot sold and the $2,500 purportedly represented to them as the value thereof.
Defendant answered, raising in defense that any representations by the sub-agent as to size and value were beyond the scope of any apparent authority with which he had been clothed by the agent, and further that defendant, broker, had not been employed by plaintiff-sellers as an appraiser of the lot taken in trade.
On the issues thus framed, the case went to trial. The suit proceeded on the theory that a salesman-sub-agent, employed by a broker to procure listings and effect sales, is also clothed with the implied or apparent authority to make his own individual appraisals and valuations of real estate to be taken in trade for property he is attempting to sell for the principal (plaintiff-sellers here). The theory continues that when a valuation on such a piece of property to be taken in trade is made and transmitted to the seller, it becomes binding upon the sub-agent’s employer (the broker) to the extent that he will be liable for the negligence, misconduct, misrepresentation or unskillfulness of his employee, the sub-agent.
Testimony introduced on behalf of the plaintiffs, though contradicted, if believed by the jury would support the conclusions that the representations of the sub-agent described in the complaint were in fact made.
It is undisputed that the lot involved in the exchange was actually only 50 feet in width by 201 feet in depth rather than 100 feet in width. It was testified that at the time the salesman expressed to the ap-pellees in California his opinion as to the value of the lot to be taken in trade, he, the salesman, had never seen the lot.
The appellant broker argues that any expression of value by his agent in this matter was unauthorized. It is not necessary, however, to the affirmance of this case to discuss the actual or apparent authority of the salesman, since the broker, as a result of the transaction consummated by said salesman, was paid a commission on the sale of the property.
Our Florida Supreme Court, in the case of Chase v. Sullivan, 99 Fla. 202, 126 So. 359, held that a principal, though innocent, may not receive the benefits of an agent’s efforts and at the same time disclaim responsibility for the means by which they were acquired. The Court saying:
“When an agent acts for his principal, and the principal accepts the fruits of the agent’s efforts, the principal must be deemed to have adopted the methods employed, and he may not, even though innocent, receive the benefits and at the same time disclaim responsibility for the means by which they were acquired. 21 R.C.L. 932.
“ When the principal is' informed of what has been done, he must dissent, restore all the fruits of the transaction, and give notice in reasonable time, or otherwise his assent to what has been done shall be presumed.’ Branford v. Howell, 88 Fla. 493, 102 So. 649, 650.
“Where vendor holding a mortgage contract, given to secure part of the purchase price of lands sold to the mortgagor, after being clearly informed of an omitted part of the agreement made at the time of sale between the vendor’s agent and mortgagor, and by them agreed to have been inserted in such mortgage, and omitted therefrom through mistake of fact, or law, or misrepresentation of vendor’s agent, whereby the mort *850 gagor was to be relieved from personal liability, brings suit in equity to foreclose such mortgage, and continues to hold and receive the benefits of the sale as made by his agent, and by such foreclosure proceedings regains title to the mortgaged land, he will be estopped in such proceeding to deny the authority of his agent to make the omitted portion of such contract, * * *
Finding no error in this record, we affirm the lower court.
Affirmed.
SMITH and WHITE, JJ., concur.