FRANK, Chief Judge.
Fraioli’s claim against Bobby Byrd Real Estate, Inc. (Byrd) arose from a lease option agreement. We have reviewed the appropriateness of the summary final judgment entered against Dominic Fraioli and we reverse the trial court.
The undisputed facts reveal that a real ■estate agent employed by Byrd, Harjit Singh, formed an association with Fraioli to own and operate a seaside bar and grill. The restaurant’s location was secured when Frai-oli and Singh, as guarantors for their newly formed enterprise, signed a ten year lease, conferring a right of first refusal to purchase the premises encompassed by the lease. Singh, acting in a dual capacity uncommon to such transactions, negotiated the lease for the seller who had listed the property with Byrd. Upon execution of the lease/option agreement, Byrd received a sales commission in the amount of $60,000. Shortly after the restaurant opened, however, the state levied upon and seized the property, including certain improvements undertaken by Fraioli, due to the nonpayment of delinquent taxes owed by the previous owner. Fraioli initiated litigation against Byrd and Singh accusing Singh and, by virtue of his employment, Byrd, of fraudulently inducing him to execute the lease/option contract by exaggerating the fair market value of the premises and by misrepresenting the results of a title search which had revealed state and federal tax liens upon the property. Byrd responded to the action with a motion for summary judgment, urging the view that the false assurances alleged in the complaint stemmed from and were confined to the private business venture undertaken by and between Fraioli and Singh. The trial court granted Byrd’s summary judgment.
Byrd does not dispute that Singh may have misrepresented the investigation into preexisting tax liens but disavows liability, claiming that Singh “had no authority, express, implied, apparent, or otherwise, in his capacity as an agent of Bobby Byrd Real Estate” to induce the real estate transaction by false means. The question of Singh’s actual or apparent authority to act in the manner alleged by Fraioli is not controlling. The record discloses that Byrd received a substantial commission from the seller flowing from Singh’s success in consummating the deal. In that setting, Byrd cannot escape liability because it is a principle of long standing in Florida that:
[w]hen an agent acts for his principal, and the principal accepts the fruits of the agent’s efforts, the principal must be deemed to have adopted the methods employed, and he may not, even though innocent, receive the benefits and at the same time disclaim responsibility for the means by which they were acquired.
Fredrick v. Squillante, 144 So.2d 848, 849 (Fla. 2d DCA 1962) (quoting Chase v. Sullivan, 99 Fla. 202, 126 So. 359 (1930)). We *1133 also reject the notion that Singh’s conflicting interests in the underlying transaction diminished Byrd’s duty, as the listing agent offering the premises for sale, to deal with Fraioli in a fair and honest fashion. See Gerber v. Keyes Co., 443 So.2d 199 (Fla. 3d DCA 1983). In short, Byrd’s exposure appears to be beyond dispute if, indeed, Singh engaged in misbehavior imposing detriment upon Fraioli.
Hence, several unresolved questions can be distilled from this record: did Singh intentionally, or perhaps even negligently, fail to disclose tax clouds on the property’s title or knowingly distort its fair market value? An issue also remains as to whether Fraioli materially relied upon these alleged misrepresentations in closing the transaction and expending funds to improve the property. We are not unmindful that Singh is alleged to have made other false statements including his ability to contribute capital to the venture. Those statements, however, may not pertain to the lease agreement, thus excluding Byrd from liability for them, but the answers to these many questions can only be sorted out and determined through the conduct of an evidentiary proceeding.
Accordingly, the summary final judgment is vacated and the matter remanded for further proceedings not inconsistent with this opinion.
PARKER and PATTERSON, JJ., concur.