353 So.2d 943 (1978)
Gaspar NAGYMIHALY and Veronica Nagymihaly, His Wife, Appellants,
v.
Phillip P. ZIPES, Appellee.
No. 77-1500.
District Court of Appeal of Florida, Third District.
January 10, 1978.
Quinton, Leib & Lummus and W.E. Dunwody, III, Miami, for appellants.
Philip A. Holtsberg, Coconut Grove, Abbott and Frumkes, P.A., Miami Beach, for appellee.
Before HAVERFIELD, C.J., and BARKDULL and NATHAN, JJ.
PER CURIAM.
Defendants, Gaspar Nagymihaly and his wife, Veronica, appeal an adverse final summary judgment in an action for specific performance of a settlement agreement.
Since June 1974 the parties to this appeal have been engaged in extensive litigation involving four lawsuits (case nos. 74-15778, 74-32455, 74-14452 and 75-14486). In case no. 75-14486 a final judgment of foreclosure *944 was entered in favor of Phillip Zipes, plaintiff-appellee, and a foreclosure sale was scheduled for July 17, 1975. Prior to the sale, the attorney for the Nagymihalys and Zipes' attorney entered into a settlement agreement which specifically provided that cancellation of the foreclosure sale was the consideration therefor. The sale was cancelled, but the Nagymihalys failed to perform their obligations under the agreement. Subsequently, on May 27, 1976 Zipes filed the instant suit to enforce the agreement. The Nagymihalys defended on the ground that their attorney acted in excess of his authority in entering into the settlement agreement on their behalf. Thereafter, Zipes moved for summary judgment and after hearing, the trial judge entered summary judgment for Zipes. We affirm.
The court may find as a matter of law that where a party accepts the benefits of a settlement or compromise of his case and he knows or in the exercise of due diligence should have known all the facts concerning that settlement (as in the case at bar), he ratifies that settlement by the acceptance of those benefits whether the settlement in the first instance was unauthorized by him or not and he is thereafter estopped to attack the settlement and the judgment entered thereon. Mungin v. Florida East Coast Railway Co., 318 F. Supp. 720, 735 (M.D.Fla. 1970), aff'd 441 F.2d 728 (5th Cir.1971), cert. den. 404 U.S. 897, 92 S.Ct. 203, 30 L.Ed.2d 175 (1971). See also Branford State Bank v. Howell Co., 88 Fla. 493, 102 So. 649 (1924) and 2 Fla.Jur.2d Agency and Employment §§ 57, 58 (1977) and cases cited therein. It is clear that the Nagymihalys ratified the settlement agreement and accepted the benefit thereunder of cancellation of the foreclosure sale which was the consideration for the agreement. In addition, they did not repudiate the agreement within a reasonable time; not until Zipes filed the instant specific performance action some 10 months after execution of the agreement and cancellation of the foreclosure sale did the Nagymihalys for the first time allege that their attorney acted in excess of his authority in executing the agreement on their behalf.
Judgment affirmed.