426 So.2d 1009 (1983)
William F. KISZ and Ann T. Kisz, His Wife, Appellants,
v.
Mack MASSRY, Sandra Massry, Southeast First Bank of Largo and Leta S. Allen, Appellees.
No. 81-2459.
District Court of Appeal of Florida, Second District.
January 12, 1983.
Rehearing Denied February 24, 1983.
*1010 Anthony P. Granese, Clearwater, for appellants.
Seymour A. Gordon of Gay and Gordon, St. Petersburg, for appellees.
NELSON, WILLIAM J., Associate Judge.
On June 30, 1978, an action to foreclose a mortgage on real property was filed by appellees. Appellants filed an answer and affirmative defenses raising the issue of statute of limitations. The only issue at trial was the determination of the applicability of the statute of limitations contained in section 95.281(1)(a) and (1)(b), Florida Statutes (1981). The trial was conducted in November, 1981. There was an oral understanding between counsel that the trial would be conducted similar to an argument for summary judgment in that there would be no presentation of testimony because there were no questions of fact.
At trial appellees took the position that the applicable subsection of Florida Statute 95.281 was subsection (1)(b); that the final maturity of the note was not ascertainable from the record of it, and that the statute of limitations was therefore twenty years. Appellants took the position that Florida Statute 95.281(1)(a) was applicable in that the final maturity of the note was ascertainable from the record and that the five-year statute of limitations should apply.
The trial judge heard argument and decided that the final maturity of the obligation was not ascertainable from the record of it, and, therefore, the twenty-year statute of limitations was applicable. The trial decision was rendered in favor of the appellees and final judgment was entered.
The final judgment called for a sale by the clerk on December 7, 1981 at 11:00 a.m. Notice of foreclosure sale was published on November 20 and 27, 1981. Counsel for appellants notified counsel for appellees that "in the meantime" he would discuss with his clients the possibility of making a settlement or going to the appellate court.
On the date of the foreclosure sale, counsel for appellants and appellees agreed that appellants would pay the full amount of the final judgment plus publication costs. Based upon this stipulation and settlement of the case, counsel for appellees cancelled the foreclosure sale. The agreement was never carried through and this appeal followed.
Appellants argue that the trial court erred in applying section 95.281(1)(b). Appellees argue that appellants are not in a position to seek review of this question by the appellate court because of the stipulation entered into by counsel for the respective parties. We agree with appellees.
The stipulated facts show that after the lower court entered its final judgment, counsel for appellants entered into an agreement with counsel for appellees on *1011 December 7, 1981, whereby the foreclosure sale to be held that day was called off and appellants were to pay $3,984.34, together with $16.95 to cover the publication costs for the foreclosure sale.
There is no issue as to whether the agreement was entered into or whether appellants received the benefit therefrom. These facts were contained in the court approved statement of the evidence and proceedings.
Where a party accepts the benefits of a settlement agreement or a compromise of his case and knows, or in the exercise of due diligence should have known, of the facts concerning that settlement, the party ratifies the settlement by accepting the benefits whether the settlement was in the first instance authorized by him, and he is thereafter estopped to attack the settlement. Nagymihaly v. Zipes, 353 So.2d 943 (Fla. 3d DCA 1978).
In that appellants agreed to the judgment rendered by the lower court, the judgment is AFFIRMED.
GRIMES, A.C.J., and RYDER, J., concur.