NESBITT, Judge.
The husband appeals a post-dissolution order determining that an addendum to the Marriage Settlement Agreement entered into between the parties was unenforceable. The wife cross-appeals that part of the order determining the husband not responsible for the payment of their son’s medical expenses beyond age eighteen. We find in favor of the husband on both the appeal and cross-appeal.
The parties, Jack C. Taplin and Marsha L. Taplin, were married ten years and had one son, Bradley, when they filed for dissolution in 1978. Paragraph 18 of the settlement provides:
In addition to any other obligations or payments required to be made by the Husband, the Husband shall pay the following, either directly or to the Wife: the entire cost of a college education for the child (which shall include post graduate study), including, but not limited to, the entire cost of such curriculum, room, board, tuition, living and clothing allowance, round-trip transportation, and a reasonable amount for books, laboratory fees, and similar fees. All costs must be reasonable.
In 1987, the parties entered into settlement negotiations to resolve several pending issues between them. The parties’ respective attorneys exchanged a series of letters, culminating in an addendum to the Marital Settlement Agreement which incorporated some of the alleged agreements between the parties regarding their son’s college education. The addendum provides:
The parties acknowledge that there is in existence an irrevocable trust designated as the “Jack G. Taplin’s Children’s Trusts”; said trust documents being dated July 6, 1981. The parties specifically agree that the Jack G. Taplin’s Children’s Trusts shall be responsible for the cost of all reasonable expenses of providing Bradley with private schooling, college or post-graduate education, as provided in Paragraph 18 of the Marital Settlement Agreement, but if trust income and principal shall be insufficient, that the Husband shall be responsible for said expenses. Those provisions of Paragraph 18 of the Agreement requiring the Husband to assume primary liability for the payment of such expenses are hereby declared of no further force and effect.
When Bradley began attending an out-of-state college, the husband proceeded under the terms of the addendum, allowing the *563 Trust to pay for all the expenses including tuition, a meal plan, and dormitory residence. The Trust reimbursed the wife for any expenses she incurred regarding Bradley’s education.
Prior to his second year of college, Bradley incurred medical expenses in excess of $22,000. The wife paid $1,800 towards the medical bill and $12,036.07 for his support while he attended a local college. The Trust continued to pay for the education expenses, and the wife continued to accept reimbursement monies from the Trust during that time.
Subsequently, the wife sought reimbursement of the medical and support expenses from the husband, filing a motion in the trial court for contempt and for enforcement of the Marital Settlement Agreement, arguing that the addendum was of no force and effect because the copy she signed was not the original. The husband argued that the addendum was valid, that the Trust had already paid for the college expenses for two years, and that the wife was, therefore, estopped from seeking reimbursement from the husband.
As to the medical expenses, paragraph 8 of the Marital Settlement Agreement provides:
In addition to any other obligations or payments required to be made by the Husband, the Husband shall pay for all medical, dental (including orthodontia and periodontia), hospitalization, drug costs and expenses for the child. In order to help effectuate the provisions hereof the Husband agrees to maintain and pay for group or other insurance coverage for the child.
The wife argued that this paragraph was to be read in pari materia with paragraph 18, requiring the husband to pay for the Bradley’s medical expenses at least until he finished his education.
After a hearing, the trial court entered an order refusing to recognize the addendum and ordering the husband to reimburse the wife for all reasonable expenses incurred while Bradley attended college. The court denied the wife’s request to be reimbursed for the son’s medical expenses.
We conclude that the trial court erred in refusing to recognize the addendum. First, the wife testified that she had signed the addendum and knew that it transferred responsibility for the payment of Bradley’s college education from the husband to the fully-funded Trust. She also admitted to having received cheeks from the Trust for Bradley’s college education. The husband detrimentally relied on the addendum and on the wife’s acceptance of its benefits. By signing the addendum and accepting its benefits, she ratified the agreement and was estopped from denying its validity, even though the copy she signed may not have been the original. Kisz v. Massry, 426 So.2d 1009, 1011 (Fla. 2d DCA 1983); Nagymihaly v. Zipes, 353 So.2d 943, 944 (Fla. 3d DCA 1978).
Second, in this case, Bradley was not represented by a guardian ad litem. Consequently, it is clear that estoppel cannot bar enforcement of his rights. Nonetheless, under the Marital Settlement Agreement, and according to the husband’s concession before this court, should the Trust ever fail, in whole or part for any reason, then the husband will remain personally responsible to provide any deficit in future college support. Consequently, it appears that Bradley, as a matter of law, is in a superior position if the Trust is enforced since he will have both the fully-funded Trust as well as his father’s personal financial ability to provide him with a college education.
It may be that the trial court denied the husband relief in the instant case because the parties failed to have the addendum confirmed by the trial court. Since Bradley is better off, as a matter of law, if the Trust is enforced between his warring parents, it is highly inequitable to deny the husband relief under the circumstances, and the trial court acted improperly in not recognizing the addendum. Spencer v. Spencer, 305 So.2d 256, 258 (Fla. 3d DCA 1974) (the court has a duty to make the best interests of the child its paramount concern), cert. denied, 315 So.2d 470 (Fla.1975).
*564 However, the trial court correctly construed paragraph 8 of the settlement to mean that the husband’s obligation to pay Bradley’s medical expenses expired when he reached eighteen years of age. The trial court found that the settlement was clear and unambiguous on this point, and we agree. The word “child” was used throughout the settlement in place of Bradley’s proper name, and nothing in paragraph 8 indicates that the husband was assuming an obligation beyond the age of majority.
Accordingly, we reverse that part of the order denying the validity of the addendum, affirm the part denying the husband’s responsibility for Bradley’s medical expenses, and remand to the trial court with directions consistent with this opinion.[1]

. Although the Wife concedes that the award of prejudgment interest was overvalued by $80.30, the point is moot since we reverse the award upon which the interest is based.